Jennings vs. Lyons.

The bill of exceptions is not certified to contain all the evidence.

The cause was submitted upon the brief of *E. T. Delany*, for the appellant, and that of *Eldredge, Thorpe & Hurley* for the respondent. The questions discussed in these briefs are not passed upon by the court.

## JENNINGS vs. LYONS.

CONTRACTS. *(1) When for personal services. (2–4) When sickness excuses full performance of entire contract, and permits recovery on a quantum meruit.*

1. Where one hires a man and his wife *to live in his family* and work for him, this is a contract for their *personal services*.

| 39 | 553 |
| 93 | 407 |
| 39 | 553 |
| 96 | 529 |
| 39 | 553 |
| 99 | 187 |
| 39 | 553 |
| 116 | 4388 |

2. In general, in case of an *entire* contract, the party claiming under it must show *full performance* on his part; but full performance is excused where rendered impossible by the act of God, or of the law, or of the other party to the contract.

3. Sickness or death is an act of God in such a sense as generally to excuse full performance of an entire contract, and permit a recovery on a *quantum meruit;* but otherwise where the sickness is one which should have been foreseen and provided against by the party in default.

4. Plaintiff contracted to render to defendant the domestic services of himself and wife for one year, at a specified price. Four months and ten days thereafter the wife left the service in anticipation of her confinement; both were then discharged from the service, and the wife was confined four or six weeks thereafter. *Held*, that plaintiff was not excused by such sickness, which he should have foreseen, and cannot recover on a *quantum meruit.*

APPEAL from the Circuit Court for *Fond du Lac* County.

Plaintiff brought this action to recover the value of the services of himself and wife for four months and ten days. The defense was, that the services were rendered under a contract by which plaintiff and his wife were to work for defendant one year from November 17, 1873, he upon the farm and she in the house, for $300; that it was distinctly understood that defendant's object was to secure plaintiff's services during the spring, summer and fall months, and that he would not employ plaintiff during the winter months except for that reason; and that defendant, without just cause or legal excuse, failed to perform his contract.

The case made by the evidence will sufficiently appear from the opinion. The jury were instructed that if at the time plaintiff and his wife quit working for defendant, the wife was sick and unable to do her part of the work, plaintiff was not bound to a further performance of the contract, and was entitled to recover what the services of himself and wife were worth for the time they actually worked.

The plaintiff had a verdict and judgment; and the defendant appealed.

*D. W. C. Priest*, for appellant:

1. The contract was *entire*, and plaintiff could not recover without a full performance, or a legal excuse for nonperformance. *McMillan v. Vanderlip*, 12 Johns., 165; *Beebe v. Johnson*, 19 Wend., 500; *Webb v. Duckingfield*, 13 Johns., 390; *Jennings v. Camp*, id., 94; *Monell v. Burns*, 4 Denio, 121; *Lantry v. Parks*, 8 Cow., 63; *Galvin v. Prentice*, 6 Am. R., 58; 45 N. Y., 162, citing *Smith v. Brady*, 17 N. Y., 173; 20 id., 197; 1 Parsons on Con., 522, note 1; Chitty on Con. (9th Am. ed.), 504; Story on Con., § 972; *Gordon v. Brewster*, 7 Wis., 355. A contract as to acts of third parties is binding though it be difficult of performance; and full performance is a condition precedent to recovery. *Blacksmith v. Fellows*, 3 Seld., 401; *Worsley v. Wood*, 6 Term, 710; *Davidson v. Mure*, 3 Doug., 28; Chitty on Con., 572; 12 N. Y., 99; 1 Duer, 209. Sickness of any but the contracting party will not avail unless the contract contemplates the services of the particular individual; nor will it then avail unless the services to be performed require more than ordinary skill. *Wolfe v. Howes*, 20 N. Y., 197; 21 id., 397; 36 id., 221; 49 id., 552; 17 id., 173; 24 Barb., 174 and 666; *Green v. Gilbert*, 21 Wis., 400. The work to be done by the wife in this case was ordinary housework, that could have been done by any hired girl during the wife's sickness. 2. Sickness, to excuse performance, must, like any other contingency relied on for that purpose (Story on Con., §§ 972–975; Story on Bailm., § 36), be such as in the nature of the case would not be foreseen and provided against; and the sickness of the wife in this case was clearly not of such a character

*Thos. W. Spence*, for respondent:

The contract was for the joint personal services of the plaintiff and his wife; the compensation agreed upon was for such joint services; and the inability of one to perform would necessitate the giving up of the contract by both. And sickness of the persons bound by the contract to render their personal services, making performance impossible, is a legal

excuse. *Green v. Gilbert,* 21 Wis., 395; *Wolfe v. Howes,* 20 N. Y., 197. A forfeiture of wages for the services performed should be enforced only where there is a voluntary abandonment of the service, and not where the abandonment is caused by a visitation of Providence. *Fuller v. Brown,* 11 Met., 440.

COLE, J. We have no doubt that the contract was for the personal services of the plaintiff and wife. The counsel for the defendant claimed that the work to be performed by the wife required no peculiar skill, and could have been performed by any ordinary hired girl competent to do housework. But the relations which a domestic servant holds to the family, and the nature of the services to be performed, are such, that the temper, habits, intelligence and character of the person are more regarded than mere ability to do work. Considering the nature of the employment, if ever a contract can be said to call for personal services, it would seem to be in case of a domestic who lives in the family of another. This view commends itself to the judgment and good sense of every one on a moment's reflection, and need not be dwelt upon further.

The question is then presented, whether the sickness of the wife under the circumstances excused performance, if the plaintiff agreed that he and his wife should work one year? Upon that point the court below instructed the jury, that if they should find that the contract was as claimed by the defendant, that the plaintiff and wife were to work for him a year for $300, yet if the plaintiff quit work because his wife was sick and unable to do her part of the work, this would excuse full performance, and the plaintiff could recover what the services of himself and wife were worth for the time they actually worked. This charge was excepted to on the part of the defendant. The general rule doubtless is, that when a contract is entire, operating as a condition precedent, it is

necessary for a party to show full performance on his part before he can maintain an action upon it. It would appear like mere affectation to attempt to refer to the elementary writers or adjudged cases where this principle is stated and affirmed. The authorities, however, recognize certain exceptions to the rule, as where performance has been rendered impossible by the act of God, by the act of the law, or by the act of the other party. 2 Chitty on Con., p. 1073; 2 Parsons on Con. (5th ed.), p. 672 et seq.; Story on Bailment, § 36. And where the act to be performed is one which the promisor alone is competent to do, the obligation is discharged if he is prevented by sickness or death from performing it. *Wolfe v. Howes*, 20 N. Y., 197; *Ryan v. Dayton*, 25 Conn., 188; *Fuller v. Brown*, 11 Met., 440; *Knight v. Bean*, 22 Maine, 531; *Lakeman v. Pollard*, 43 id., 463; *Green v. Gilbert*, 21 Wis., 395. In other words, sickness or death is generally regarded as an act of God in such a sense that it excuses the nonperformance, and a recovery is allowed upon a *quantum meruit*. In this case it is insisted that the sickness, or anticipated sickness, of the wife furnished no excuse for the failure to perform the contract, and that the instruction of the court that it did excuse was erroneous. The argument is based on these facts:

It appears that the plaintiff and wife commenced work for the defendant on the 17th of November, 1873, and quit about the 27th of the following March. The reason why the parties left their service was, as stated by the plaintiff himself, that his wife was in a family way — expecting soon to be confined, and as a consequence was unable to work. The plaintiff says that she was actually confined within four or six weeks after she left the defendant's employment. It is argued that the plaintiff was fairly chargeable with a knowledge of the condition of his wife; must be presumed to have known that she was nearly four months advanced in pregnancy; was bound to anticipate her sickness as an inevitable event; and

should have provided for it in his contract. It is said that it was the plaintiff's own fault under such circumstances to undertake and agree that he and his wife would work for a year, because he must have known that it would be impossible for him to perform his contract, and therefore the case does not come within the reason of the rule that sickness excuses. It is difficult to see any defect in this argument. It is incredible that the plaintiff was ignorant of the condition of his wife when he entered into the contract. He must have known that it would be impossible for her to work at the period of her confinement and for some time thereafter. There seems no reason why he should not be held liable for a breach of his contract, absolute in its terms; "not, in fact, for not doing what cannot be done, but for undertaking and promising to do it." For when performance becomes impossible by reason of contingencies which should have been foreseen and provided against in the contract, the promisor is held answerable. 2 Parsons on Con., 672–3. This principle applies to the facts of this case, if indeed the contract was as claimed by the defendant.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.