SCHOOL DIRECTORS

*v.*

OLIVE A. HUDSON.

1. SCHOOL LAW—*teacher can not substitute proxy.* Where a school teacher is selected and employed, the contract is for the personal services of the teacher so employed, who can not fulfill the contract hiring a substitute, however competent.

2. SAME—*ground for discharging.* Where a school teacher leaves her place in the school, placing a substitute in her stead to teach, and fails to resume her place when requested by the principal having charge of the school, and when asked for an explanation by the directors, gives none, except that she has furnished a competent substitute and will resume as soon as vacation is over, this will be good cause for the discharge by the directors of the teacher thus leaving her employment.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

Miss Hudson was a teacher employed by the directors. Her duties required her to teach in a graded school—the pupils in a certain room. Without leave from the directors, she employed and procured another person to take her place temporarily as teacher of the pupils in her room, and absented

herself from her post. This was at noon on Wednesday. On Thursday morning the acting principal of the school requested her to return to her duty at once, but she refused to do so until after a vacation which was to begin on Friday of that week, at noon.

During the forenoon of Friday she was notified by the directors that unless she gave a sufficient explanation for leaving and substituting another, her situation would be considered vacant. To this notice she at once replied in writing, saying that she did not consider her situation vacant, that Mr. Williamson, the principal of the school, had told her on Friday that her substitute was in every way satisfactory, and saying that she would resume her work in person after vacation.

During vacation the directors notified her that her place had been declared vacant, and that they had decided to relieve her as a teacher.

At the opening of the school immediately at the close of the vacation, Miss Hudson appeared at her former post of duty and offered to teach, but was refused that privilege, another having been employed in her stead.

This is an action brought by Miss Hudson to recover compensation as though she had completed her term, she claiming that she was employed to teach for a term of eight months, and was discharged without cause in the midst of the fourth month. She recovered full wages for the balance of the entire term.

Messrs. FULLERTON & WALLACE, for the appellants.

Messrs. BROWN & BARTHOLOMEW, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This judgment must be reversed. When a teacher is selected and employed, the contract is for the personal services of *that* teacher. The teacher can not fulfill the contract by hiring a substitute. A temporary absence of a short time, with the temporary substitution of another competent teacher, might not,

under certain circumstances, constitute such a breach of contract as would authorize the employers to consider the contract at an end. The circumstances might be such that the teacher would be warranted in assuming the approval thereof, or the consent thereto by the employers, without any express consent.

In this case, however, the teacher was requested by Mr. Williamson to resume her personal services on Thursday morning, and refused. Whether the conditions existed necessary to constitute Mr. Williamson, legally, a principal of this school, or not, he was actually acting in that capacity with the sanction of the directors, and this was known to Miss Hudson, and after he insisted that Miss Hudson should resume her work, she had no ground to assume an acquiescence of the directors in her course. When called upon on Friday to explain her absence, she does not justify on the ground of any supposed consent of the directors, but in substance asserts in herself a right, under her contract, to do her duty by proxy, if the proxy be fully competent. She does not say, Mr. Williamson consented to my absence, or the directors consented, or I had reason to believe they approved, for Mr. Williamson said so, but she places her defense upon the ground that her substitute was in every way competent and fit as such, and quotes Mr. Williamson to. prove it, and assumes that in such case she has a right to make the substitution. This position can not be sustained for a moment. Her conduct under the circumstances fully warranted the directors in discharging her. There is no contradiction in the proofs on any material fact. She denies that Williamson mentioned, expressly, the directors as authority for insisting on Thursday morning that she should attend to her duties in person. This is of no importance. No one can doubt, after reading the whole of the proofs, that she understood it as a demand from the directors, for, whether legally or illegally, Williamson was in charge of the whole school at the request of the directors. It was not necessary that she should have an express request from the directors, in order to make it her duty to attend in person. Her contract of em-

ployment imposed that duty on her. She failed to do so, and she failed to show any facts excusing the act of deserting her post. This was abundant ground for her removal.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*