## JOSEPHINE HONG v. INDEPENDENT SCHOOL DISTRICT NO. 245, POLK COUNTY.[1]

October 3, 1930.

No. 28,071.

*Loring & Hougen,* for appellant.
*F. A. Grady,* for respondent.

OLSEN, C.

Appeal by defendant from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff is a school teacher holding a proper teacher's certificate. Prior to May, 1928, she had been in the employ of the defendant as teacher in its graded school at Climax, in this state, for five school years. In that month the defendant's school board entered into a written contract with her in the usual form whereby plaintiff was employed to teach the third and fourth grades in defendant's school for the term of nine months for the sum of $105 per month, com-

[1]Reported in 232 N. W. 329.

mencing on the first Monday in September, 1928, the defendant agreeing to pay her $945 for such services in monthly payments of $105 per month. In July of that year plaintiff became ill. Her illness continued so that in August it became necessary for her to have an operation for appendicitis. She had not recovered from her illness and operation so as to be able to teach at the time the school opened on September 10, or thereafter until October 17, a period of five weeks and two days of school time. On August 13 she informed the clerk of the school board of her illness and coming operation and that she would not be able to teach for one or two months after school opened. There was talk about obtaining a substitute teacher. Plaintiff went to see another teacher about substituting for her but was not successful. Plaintiff testified that the clerk of the board then told her "not to worry about the school because we will see you get a substitute until you get well." There is no showing that this promise of the clerk was brought to the attention of other members of the school board at any meeting or otherwise. The board took no action in reference to obtaining a substitute. Before the school term opened the board hired another teacher for the grades mentioned for the school year in question. Plaintiff went back to the school on October 17 and substituted for one of the other teachers for one week. On October 24 she reported to the clerk that she was ready to take up her regular work as a teacher. She was then informed that another teacher had been employed for the school year and that she would not be further employed.

By the present suit plaintiff asked to recover her salary as a teacher for the time from October 24 to the end of the school year. The court held she was entitled to recover, and submitted to the jury only the question whether plaintiff had used reasonable diligence to get other work in the same line and, if not, then what deduction should be made for what she could have earned if she had used due diligence to obtain such work. The jury found in plaintiff's favor on this issue and awarded her recovery of the full salary from October 24 to the end of the school year.

The court correctly held that the clerk of the school board had no authority to modify or change any contract made by the board or

to make any agreement with plaintiff binding on the defendant, so that any promise made by the clerk in reference to obtaining a substitute teacher was not binding on the board or on this defendant.

The question presented by the appeal is whether, because of plaintiff's illness and inability to commence her work at the opening of the school year and for some five weeks and two days thereafter, the defendant was released from liability on the contract; or, in other words, whether there was such failure to perform on the part of the plaintiff as to release the defendant.

■ It is conceded that the contract is one for personal service by the plaintiff and that defendant could not be required or compelled to accept the services of a substitute or other person for and in place of the plaintiff. School Directors v. Hudson, 88 Ill. 563. We think it must also be conceded that the contract was an entire contract for nine months and not a contract to serve from month to month.

■ In that situation a failure to perform a substantial part of the contract, without fault on the part of the defendant, operated as a discharge thereof. It is stated as a general rule that "contracts to perform personal acts are considered as made on the implied condition that the party shall be alive and shall be capable of performing the contract, so that death or disability will operate as a discharge." 13 C. J. p. 644, § 719, and cases cited in note 3; Powell v. Newell, 59 Minn. 406, 61 N. W. 335.

The plaintiff was not incapacitated for the full term of the contract. A contract may be broken wholly or in part. The breach may not be of such importance as to operate as a discharge. In other words, the failure to perform must go to the substance of the contract, be nonperformance of a material part thereof. The superintendent of this school testified that the selection of teachers for the grades was an important matter; that at any time of the year it is hard on the pupils to substitute teachers; that it is impossible to avoid substitution when a teacher becomes sick during the school year after having entered upon her services; that at the beginning of the year, if substitution is asked for an indefinite period, the

only thing that is right for the children is to get a permanent teacher; that if substitution for one week or two weeks only is required, and for that definite time, the usual rule is to permit same; that it is not practical from an educational standpoint to have a substitute for one or two months or for an indefinite time at the beginning of the school year.

The school board, as the time to commence the school year approached, was faced with the situation that one of its teachers was ill and would not be able to serve at the opening of the school or for an indefinite time thereafter. Whether a substitute for an indefinite time was available is not shown. Efficient teachers as a general rule seek and obtain employment for an entire school year and not as substitutes for an uncertain period. Its superintendent held that it was not practical and not for the best interest of the school to employ a substitute teacher at the beginning of the school year for an indefinite time. In that situation, the inability of the plaintiff to serve for over five weeks was such nonperformance of a substantial and material part of an entire contract as to release the defendant from further liability thereunder.

This is not a case where a plaintiff seeks recovery for part performance of an entire contract, but one to recover wages where no services have been performed. If a proper substitute teacher was available and defendant could have employed such teacher without detriment to its school, it would have been more considerate toward plaintiff to do so; but it is not shown that defendant has violated any rule of law or made itself liable to damages by failing so to do. One party or the other must here bear a substantial loss. It may seem a hardship that plaintiff must bear the loss of the benefit of a large part of her contract. On the other hand, to require the defendant or its taxpayers to pay out some $800 for which no services have been performed and no benefit received is equally a hardship.

On the facts here presented there was a failure to perform a substantial and material part of an entire contract, and defendant was released therefrom.

In the case of School Dist. No. 1 v. Parker, 82 Colo. 385, 260 P. 521, the Colorado court went on the theory that before the school

district could be released from liability under its contract to a teacher who failed to report for work until some three weeks after the school opened the school board must have formally discharged the teacher for that cause, after hearing had on notice. In that case the contract with the teacher provided that she could be discharged only for good cause shown, which included a hearing. The statute of that state provided that no teacher should be dismissed without good cause shown.

The fact that in our present case nothing is said in the contract as to discharge of the teacher, and that our statute provides that the school board may discharge a teacher for cause, without any express provision for a hearing, is probably not of importance here. The question of discharge does not enter into our case. As already noted, it is the question whether there was such nonperformance of an entire contract as to release the defendant from liability.

The Colorado case, if followed in its entirety, would result in placing an undue burden upon school boards. The teacher there was absent in Europe. No hearing could be had or notice given until she returned and offered her services to the board. When she did so return, she was then entitled to teach, not having been discharged before that. Possibly the board could at some future time, after notice and hearing, discharge her, even if at the time of the hearing she was in all respects complying with her contract; but she would at least be entitled then to compensation up to the time of her dismissal.

Upon the evidence most favorable to plaintiff, the defendant was entitled to a directed verdict.

The order appealed from is reversed with direction to order judgment in favor of the defendant.

HOLT, J. (dissenting).

In so far as a judgment is directed, I dissent. The contract was for a year. The school board knew that plaintiff was forced to undergo an operation. But the operation was one from which as a rule there is a speedy recovery. Knowing that the operation had taken place, and before the time arrived for the opening of the

school, the school board without notice canceled plaintiff's contract, not formally but by entering into a contract with another to do the work plaintiff was engaged to perform. The statute provides that the board may discharge for cause a teacher with whom it has contracted. I am of the opinion that it was a jury question whether cause existed for this cancelation or discharge.

DIBELL, J. (dissenting).

I concur with Mr. Justice Holt.