EMMA AURAN, Respondent, v. MENTOR SCHOOL DISTRICT NO. 1 OF DIVIDE COUNTY, NORTH DAKOTA, a Public Corporation, et al., Appellants.

(233 N. W. 644.)

Opinion filed November 20, 1930.  Rehearing denied December 22, 1930.

*George P. Homnes,* for appellants.

*Olaf Braatelien,* for respondent.

BURKE, Ch. J. This is an action upon a school teacher's contract and from a judgment in favor of the plaintiff the defendants appeal.

On the 19th day of June, .1926, the plaintiff, a married woman, living with her husband, entered into a written contract with the district school board of Mentor school district, by the terms of which, she agreed to teach school No. 2 in said school district for the term of nine months beginning on the 13th day of September, 1926. The plaintiff entered upon her duties on the said 13th day of September, 1926, and taught the school in said district until the 18th of January, 1927. Sometime prior to that day she wrote a letter to Olai Lien, a member of the school board, telling him that she was about to become a mother, and asking him if she could get a substitute in her place or if she should resign. She testified that, "Mr. Lien came to the school and told me that the conditions mentioned in my letter were all right, and that he wished I would get her right away. I quit on the 18th because I was not able to carry on. I sent word for the substitute, she came and started on the seventh. I went back on the 17th of March ready and willing to complete the term. On the 21st- of March members of the school board came and took me to attend the meeting of the board and I was restrained from teaching school." The plaintiff was paid for her services up to the time she quit on the 18th of January.

Mrs. McKee who was employed by the school board to teach the balance of the school term did teach the balance of said school term, and the plaintiff Mrs. Auran, brings this action to recover for the time that Mrs. McKee taught the said school, and for which Mrs. McKee was paid by the defendant.

It is the plaintiff's contention, that while she was not able to continue her contract, and quit teaching on the 18th of January, that she had an agreement with Mr. Lien that she could employ a substitute to teach for her during her sickness. Such an agreement is not clearly established by the plaintiff's testimony and it is contradicted by the testimony of Mr. Lien, but conceding that she did have such an agreement with Mr. Lien it would not be binding on the board, and the plaintiff does not claim that she had such an agreement with the board or that the board approved the agreement she claims to have had with Mr. Lien.

The board met on the 8th day of February and entered into a written contract with Mrs. Evelyn McKee to teach the balance of the school year. According to the testimony of the plaintiff, she quit teaching on the 18th of January and Mrs. McKee did not begin to teach until the 7th day of February. This is the only testimony there is relating to the time when Mrs. McKee began teaching. Mr. Lien testified that Mrs. McKee was secured and employed by the board and the school records show that the employment contract with Mrs. McKee was entered into on the 8th day of February, 1927. If Mrs. McKee did not begin teaching until the 7th of February as the plaintiff claims, the school was without a teacher for a period of twenty days.

Plaintiff's child was not born until the 21st of February, and on the 8th day of February at the time of the meeting of the board and the employment of Mrs. McKee, it was a matter of great uncertainty when the plaintiff could return, if ever, to her employment, and if there was such an agreement as the plaintiff claims to have made with Mr. Lien the school board did not approve it, and is not bound by it.

"A school board must act as a unit in the manner prescribed by the statute as a board convened for the transaction of business by a majority vote and an act of the minority is not sufficient. A majority of the board acting separately and as individuals cannot so act as to make a contract on behalf of the board." Voorhees on Public Schools, § 44 and cases cited. Gillespie v. School Dist. 56 N. D. 194, 216 N. W. 564.

The plaintiff entered into a contract binding herself to teach the school for the school year of nine months. It was a contract for personal services. "The contract of a teacher being for personal services,

he is not at liberty to employ a substitute in the performance of his contract." Voorhees, Public Schools, § 64, p. 144; School Directors v. Hudson, 88 Ill. 563. "A contract for services personal in their nature which cannot be performed by deputy within the meaning of the contract is discharged by such sickness on the part of the person by whom such services are to be rendered as to incapacitate him from performing them." Page, Contr. § 2683; Williston, Contr. § 1940. Because of its personal nature a contract for the employment of a teacher cannot be assigned. Page, Contr. § 2551. Board of Education v. State Bd. of Edu. 81 N. J. L. 211, 81 Atl. 163.

This question has been before the supreme court of Minnesota in the recent case of Hong v. Independent School Dist. — Minn. —, 72 A.L.R. 280, 232 N. W. 329. "In this case the teacher's illness requiring an operation, she informed the clerk of the school board and there was talk about obtaining a substitute teacher. Plaintiff went to see another teacher about substituting for her, but was not successful. Plaintiff testified that the clerk of the board then told her 'not to worry about the school because we will see that you get a substitute until you get well.' The board took no action in reference to obtaining a substitute. Before the school term opened the board hired another teacher for the school year. The court (the trial court) correctly held, that the clerk of the school board had no authority to modify or change any contract made by the board, or to make an agreement with the plaintiff binding on the defendant, . . . It is conceded that the contract is one for personal service by the plaintiff and that defendant could not be required or compelled to accept the service of a substitute or other person for and in place of the plaintiff. School Directors v. Hudson, 88 Ill. 563. We think it must also be conceded that the contract was an entire contract. In that situation a failure to perform a substantial part of a contract without fault on the part of the defendant operated as a discharge thereof. 'Contracts to perform personal acts are considered as made on the implied condition that the party shall be alive and shall be capable of performing the contract, so that death or disability will operate as a discharge.' 13 C. J. page 644, § 719 and cases cited in note 3; Powell v. Newall, 59 Minn. 406, 61 N. W. 335. The inability of the plaintiff to serve for over five weeks was such nonperformance of a substantial and material part of

an entire contract as to release the defendant from further liability thereunder."

The contract in the case at bar is the same kind of a contract, an entire contract binding the plaintiff to teach the school in said school district for the school year of nine months. It is conceded that it was necessary for plaintiff to quit, that she could not carry on and perform her entire contract, and so far as the defendant was concerned it was no longer bound by the contract. The plaintiff's condition was such as to incapacitate her from performing her contract obligation and under the authorities cited the contract was discharged, and performance excused.

In the case of Wood v. Consolidated School Dist. — Mo. App. —, 7 S. W. (2d) page 1018, the Missouri court said: "In an action by school teacher to recover salary after wrongful discharge if evidence showed teacher voluntarily quit when he received notice that salary would not be paid until he filed credits with superintendent, school board was justified in employing another teacher, and did not breach contract in so doing."

Appellant relies upon the case of People ex rel. Peixotto v. Board of Education, 82 Misc. 684, 144 N. Y. Supp. 87. This case comes under the Civil Service Statute for greater New York, which provides: "That teachers shall continue to hold their positions subject only to the limitations of statute and removal for cause." It further provides: "That absence may be excused for any of the following reasons, serious personal illness, death in the teacher's immediate family, compliance with the requirements of the court, quarantine established by the board of health." Under this statute a teacher is employed in continual service from year to year. If a teacher is seriously ill he is excused, and substitutes are provided. In that case the plaintiff, a married woman, had been teaching in the New York schools for eighteen years, paying into the teacher's pension fund her pro rata assessment. The court held, that since the law provided that teachers should hold their positions subject only to the limitations of the statute and were excused for serious personal illness that the birth of a child under the circumstances was not a cause for dismissal. We have no such statute in this state. The plaintiff did not hold the position of teacher under the statute but under her contract, and the law makes no distinction

between teachers' contracts and other contracts. This case was reversed by the appellate division for lack of jurisdiction, 160 App. Div. page 557, 145 N. Y. Supp. 853. But the court did say, "It seems that while the board of education in the city of New York is vested with the authority to excuse a teacher absent on the ground of illness it may, in some circumstances, find that absence for alleged illness constitutes neglect of duty justifying a discharge." The reversal was approved in 212 N. Y. 463, 106 N. E. 307.

The question of dismissal is not involved in this case as it was in the case of Clark v. Wild Rose Special School Dist. 47 N. D. 297, 182 N. W. 307. The plaintiff was not dismissed, she quit because of her physical condition and approaching illness prevented her from performing her contract. All her rights under her contract ceased and determined when she quit her employment. She no longer had a contract, and as a matter of course she is not entitled to recover for that portion of the school term taught by Mrs. McKee.

The judgment appealed from is reversed.

BURR, NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.

## On Petition for a Rehearing.

BURKE, Ch. J. Plaintiff has filed a petition for rehearing in which she insists that the record shows that the plaintiff secured a substitute who began teaching the school on the 19th of January, the next day after the plaintiff quit. We have again examined the record, and the only evidence in the record on that subject is the evidence given by the plaintiff herself on page four of the transcript as follows: Ques. "Did you get a substitute?" Ans. "I sent word for the substitute to come, that I had spoken to." "She came and she started on the 7th."

Mr. Ruppert, clerk of the school district, speaking of the contract with Mrs. McKee, on page 28 of the transcript, states, "It was signed at the meeting on February 8th, that is the time she started to teach school." Ques. "Who started?" Ans. "Mrs. McKee." Ques. "You dated it from the time she commenced to work?" Ans. "Yes sir."

On page 35 of the transcript Mr. Case said: "I am not sure but I think Mrs. McKee began on the 20th of January."

The plaintiff testified that she received exhibit 2 through the mail on or about February 8th, 1927, and that was notice to her that because of her illness Mrs. McKee was employed to teach the balance of her term. It is signed by C. L. Ruppert, clerk. It is also noticed that if there was any agreement between the plaintiff and Mr. Lien it was not approved by the board, and not being approved by the board her contract was at an end, and she had no more right to go back and teach that school than an entire stranger would have. She was restrained from teaching the school by an injunction, and was not dismissed.

The important thing is, that the plaintiff entered into a contract to teach school for a period of nine months, and through no fault of the school district she was obliged to quit work, and was paid for the work which she actually did. Her physical condition rendered her unfit for the performance of her duties as a teacher and excused her performance. If she was excused from performing, it follows, that the school district was likewise excused.

In the case of Jennings v. Lyons, 39 Wis. 553, 20 Am. Rep. 57, the court, while holding that the plaintiff could not recover even on the quantum meruit as he should have foreseen and provided for his wife's sickness when he made the contract, said:

"The general rule doubtless is, that when a contract is entire, operating as a condition precedent, it is necessary for a party to show full performance on his part before he can maintain an action upon it. It would appear like mere affectation to attempt to refer to the elementary writers or adjudged cases where this principle is stated and affirmed. The authorities, however, recognize certain exceptions to the rule, as where performance has been rendered impossible by the act of God, by the act of the law, or by the act of the other party. 2 Chitty, Contr. 1073; 2 Parsons, Contr. 5th ed. 672 et seq.; Story, Bailm. § 36. And where the act to be performed is one which the promisor alone is competent to do, the obligation is discharged if he is prevented by sickness or death from performing it. Wolfe v. Howes, 20 N. Y. 197, 75 Am. Dec. 388; Ryan v. Dayton, 25 Conn. 188, 65 Am. Dec. 560; Fuller v. Brown, 11 Met. 440; Knight v. Bean, 22 Me. 531; Lakeman v. Pollard, 43 Me. 463, 69 Am. Dec. 77; Green v. Gilbert, 21 Wis. 395, 2 Mor. Min. Rep. 694. In other words, sickness or death is generally regarded as an act of God in such a sense that

it excuses the nonperformance, and a recovery is allowed upon a quantum meruit."

The plaintiff is not suing on the quantum meruit. She was paid for the time she taught the school and she is suing to recover on the contract which she breached herself, to recover for the time Mrs. McKee taught for which Mrs. McKee was paid, and as a matter of course she cannot recover.

The petition is denied.

BIRDZELL, CHRISTIANSON, NUESSLE, and BURR, JJ., concur.