NETTIE STOWERS *v.* BOARD OF EDUCATION OF LINCOLN COUNTY

(No. 8645)

Submitted May 11, 1938. Decided June 28, 1938.

*Smith & Smith* and *Lee, Blessing & Steed,* for plaintiff in error.

*D. E. Wilkinson,* for defendant in error.

RILEY, JUDGE:

This is a notice of motion upon a school teacher's contract. To a judgment on a jury verdict in favor of plaintiff, the defendant prosecutes error.

On June 8, 1935, plaintiff, a married woman, living with her husband in Lincoln County, and within half mile of the Duval School, entered into a written contract with the Board of Education of Lincoln County, by the terms of which she agreed to teach the foregoing school for a term of nine months. On August 30, 1935, the board, upon recommendation of the county superintendent, entered an order providing for the transfer of a number of teachers, plaintiff being transferred to the Conley School, in another district. Her first notice thereof was at a general meeting of all teachers of the county on the first day of the school term, to-wit, September 2, 1935. She made no demand that she be permitted to teach the Duval School, in accordance with her contract, and did not present herself at either the Duval or Conley School on September 3, 1935, for purpose of teaching, but remained at home, where she continued to perform the usual household duties, until early in March,

1936, when she made demand upon the board and was permitted to complete the school term at the Duval School, a period of two months and eight days at the salary stipulated in her contract of June 8, 1935.

The board of education, after receiving notice some four or five days after the opening of the school term that plaintiff had not reported at the Conley School, in conformity with the transfer order of August 30, 1935, entered into a contract of employment with another for the teaching of the Conley school.

On the date of the teachers' meeting aforesaid, the plaintiff had been pregnant for about five and one-half months, and on December 15, 1935, was delivered of a child. She testified to the effect that she was physically able to teach until the birth of her child, and could have resumed her duties under the contract within four weeks thereafter.

Although plaintiff sought by her notice of motion to recover for the full contract term, less the two months and eight days taught, and paid for, the jury's verdict was on the basis of approximately four months and one-half.

The trial court, over the objection of the defendant, submitted the case on the issue of whether or not plaintiff was prevented from performing her contract by the board's action in transferring her to another school. However, as we view the record, the controlling issue is whether or not plaintiff's physical condition was such as to operate as a discharge of the contract.

The plaintiff, by the terms of the contract, bound herself to teach the Duval School, subject to a transfer in a proper case, for a school year of nine months, beginning in September, 1935, at a stipulated salary. Such a contract is for personal services. *School Directors* v. *Hudson*, 88 Ill. 563. That being so, the contract was made on the implied condition that the plaintiff had the present ability to perform during the entire contractual period. If, before the time of performance, plaintiff

knew that by reason of her pregnancy, she would be disabled in the natural course of events to complete the performance of the contract, and the board was not informed of her condition and did not assent to the situation, it was discharged from liability under the contract. *Hong* v. *Independent School District*, 181 Minn. 309, 232 N. W. 329, 72 A. L. R. 280; *Auran* v. *Mentor School District*, 60 N. D. 223, 233 N. W. 644. The very nature of a contract such as this presupposes the ability of the plaintiff to make substantial performance.

In *Auran* v. *Mentor School District, supra,* a board of education, having a teacher's contract with the plaintiff, had, during the latter's absence of two months due to pregnancy and childbirth, entered into a contract of employment with another teacher to complete the term. Thereafter, it restrained the plaintiff from completing the contract. The court, in denying recovery of salary for the period taught by the new teacher, held that plaintiff's condition being such as to incapacitate her from performing her obligation, the contract was discharged, and performance excused. To like effect: *Hong* v. *Independent School District, supra,* where it was held that the anticipated inability of a teacher to teach the first two months of the school term, due to an operation, amounted to such a failure of performance as to release the board from performance on its part. A situation somewhat analogous to the instant case is presented in *Jennings* v. *Lyons,* 39 Wis. 553, 20 Am. Rep. 57. There, the plaintiff had agreed that he and his wife would work for the defendant for a year, for a gross sum. Four months later, the wife, being about to be delivered of child, left and the plaintiff was thereupon discharged. In an action to recover wages on a *quantum meruit,* it was held that plaintiff should have foreseen and provided for his wife's sickness when he made the contract, and that, therefore, his non-performance was not excused, and he could not recover.

For the foregoing reasons, it is apparent that the jury were improperly instructed as to the law of the case.

The judgment of the circuit court is therefore reversed, the verdict of the jury set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*