DOUGLAS CAMERON, Plaintiff in Error, v. J. C. LAWRENCE LEATHER CO., Defendant in Error.
—342 S. W. (2d) 65.

Eastern Section. June 29, 1960.

Certiorari Denied by Supreme Court December 9, 1960.

Porter & Porter, Newport, for plaintiff in error.

Edward F. Hurd, Newport, for defendant in error.

McAMIS, P. J.  Plaintiff Cameron was discharged as an employee of defendant J. C. Lawrence Leather Company upon the basis of medical findings that a congenital anomaly in his back predisposed him to accidental injury while performing the duties regularly assigned to him. He thereupon instituted this suit to recover for breach of a collective bargaining agreement between defendant and the International Fur and Leather Workers Union of which plaintiff is a member.

The Circuit Judge, sitting without a jury, dismissed the suit and plaintiff has appealed.

Plaintiff at the time of his discharge was 26 years of age and had been an employee of defendant for several years.  Except for the defect in his back which he had at birth he was in sound health and capable of doing the heavy lifting required by his employment.  The undisputed medical proof shows that he has an abnormal or ''false'' joint between the last vertebra and the posterior part of the pelvis bone which was not discovered by defendant until he was re-examined upon being called back to work following a lay-off due to slack work.

Plaintiff's physician testified that this condition did not interfere with his ability to perform his duties but that he could not predict, "whether his back will be strained or hurt by similar falls and similar strains to a person without that anomaly"; that he "would be more likely to have strain or something like that, but not much. more."

The weight of the proof, however, is to the effect that the condition of plaintiff's back is permanent; that it predisposes him to injuries to which a person with a normal back would not be subjected; that, in fact, it would be dangerous for him to continue in this type of work and that defendant was so advised by competent physicians who based their opinion upon X-ray pictures and a thorough physical examination. We are convinced that defendant acted in good faith and upon the basis of medical findings. In doing so, was it within its rights under the contract?

Section 1 of Article III of the contract provides:

"The Management of the plant and the direction of the working forces, promotions and demotions, including the right to hire, suspend, discharge for just cause, to assign to jobs, to transfer employees within the plant, to increase and decrease the working force, to determine products to be handled, produced or manufactured, the schedule of production and methods, process and means of production or handling, is vested exclusively in the Company, provided this will not be used for the purpose of discriminating against any employee or to avoid any of the provisions of this Agreement."

Under Section 3 of Article X the Company is given the right to discharge any employee "for just cause".

There is no provision expressly controlling the right to discharge an employee because of physical disability.

The law in this State is that a contract for personal services is terminated by the permanent disability of a servant rendering him unable to perform his contract, unless the parties have contracted to the contrary. Greenwood v. National Biscuit Company, Inc., 175 Tenn. 302, 134 S. W. (2d) 149; American National Insurance Company v. Jackson, 12 Tenn. App. 305.

If not controlled by the terms of the contract, whether the contract is to be regarded as terminated depends on the facts of the partciular case whether the disability is temporary or permanent and the nature of the illness considered in connection with the nature and kind of services required under the contract. Ordinarily, if the disability is temporary or does not substantially interfere with performance on the part of the employee it is not, in the absence of specific agreement, to be regarded as ground for discharge. The fact that the employee is incapacitated by forces beyond his control does not deprive the employer of the right to terminate the contract. Annotation 21 A. L. R. (2d) 1249; 56 C. J. S. Master and Servant sec. 38, p. 423.

Although the above annotation contains references to cases covering a wide range as to the causes of disability entitling the employer to treat the contract as terminated, none appears to deal with a case like the present where continued employment at the assigned duties would predispose the employee to serious accident while on the job.

In connection with an annotation dealing with the right to discharge an employee because of physical disability

as within the provisions of a collective bargaining agreement appearing at p. 991, 56 A. L. R. (2d), after observing that, in the absence of contract or controlling statute, the employer enjoys an absolute right to discharge an employee, with or without cause, it is said:

"In recent years, especially, substantial inroads upon employers' rights with respect to the discharge of their employees have been made by the provisions of collective bargaining agreements. For example, under such agreements an employer may be barred from discharging employees except for good cause."

Although there is relatively little authority on the point, a limitation in a collectively bargained contract on an employer's right to discharge employees is, in the absence of express reference to physical disability as a ground for discharge, inapplicable to a discharge based upon such disability. Ib. p. 996.

In the two cases cited as supporting this view, Louisville & N. R. Co. v. Wells, 1942, 289 Ky. 700, 160 S. W. (2d) 16, and Wilburn v. Missouri-Kansas-Texas R. Co., Tex. Civ. App. 1954, 268 S. W. (2d) 726, the phrase "discharge for just cause" is held to refer to disciplinary discharges rather than to discharges based upon disability.

The right conferred by contract, however, to discharge for "just cause" as a disciplinary action, standing alone, is not to be taken as excluding whatever right exists under the law and under a proper construction of the contract to discharge for physical incapacity substantially to perform the contract. The case must therefore turn, in the final analysis, upon the general law in the light of a proper construction of the contract of employment.

As we have noted, the contract contains no provision expressly giving the employer the right to discharge on the ground of physical disability. Nor does it take away the right to discharge for reasons other than misconduct. It does provide, under Section 1, Article III above copied, that the management of the plant and the direction of the working forces is reserved to the Company. The case, therefore, comes down to this: Does the question of retaining an employee predisposed to accident and whose continued employment is medically described as dangerous fall within the domain of management and the direction of working forces reserved under the contract to the employer? Aside from humanitarian considerations which as a matter of public policy no employer should be required to ignore, at least in the absence of contract provisions clearly so implying, the employer has a direct monetary interest in the accident rate of its operations, not only from an efficiency standpoint but because of its bearing upon liability for workmen's compensation benefits. We must, therefore, conclude construing the contract in its entirety that the right to discharge the plaintiff in good faith was not an act of discrimination but one which falls within the field of management reserved to the employer.

For the reasons indicated the judgment dismissing the suit must be affirmed.

Hale and Howard, JJ., concur.