**Ilse FISHER, Appellant,**

*v.*

**The CHURCH OF ST. MARY, a Wyoming Corporation, Appellee.**

**No. 4075.**

Supreme Court of Wyoming.

June 7, 1972.

Jack R. Gage, of Hanes, Carmichael, Johnson & Gage, Cheyenne, for appellant.

John J. Rooney, of Rooney & Horiskey, Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GUTHRIE, JJ.

McINTYRE, Chief Justice.

Ilse Fisher, plaintiff, sued St. Mary's School for damages on account of an alleged breach of a teaching contract. The material facts are not in serious dispute.

According to the contract in question, Mrs. Fisher agreed to teach in Saint Mary's school system for ten months commencing August 31, 1970. She was to be paid a salary of $5,800 for the year, payable in ten monthly installments. She performed under the contract to November 12, 1970, at which time she suffered a cerebral hemorrhage and underwent surgery. As a result, Mrs. Fisher was hospitalized until December 13, 1970. She was again hospitalized from December 18 to December 28, 1970.

The plaintiff was paid her full salary through the month of November. For December and January she was paid the difference between her full salary and that of a substitute teacher. There is no dispute concerning any of these months. The school then hired a full-time replacement for Mrs. Fisher commencing February 1, 1971, and plaintiff's salary was terminated as of that date.

Plaintiff acknowledges she was unable to resume her teaching duties prior to April 1, 1971, but she claims she announced to defendant her intention and readiness to resume teaching as of that time. Therefore, she asserts, without qualification, her right to damages equal to her full salary for April, May and June of 1971. She suggests, apparently with some doubts about

her right thereto, that she should also receive the difference between her salary and the amount paid for a substitute for the months of February and March, 1971.

Trial was had to the district court without a jury and a general judgment was rendered for the school and against the teacher. She has appealed.

Appellant asserts the primary issue on appeal is which party breached the contract. It is no doubt more correct to ask whether the trial court was justified in finding, from the evidence before it, that plaintiff had failed to perform a sufficient portion of her contract to warrant termination on account of illness; and did the defendant in fact terminate the contract?

It is stated as a general rule in 17A C.J. S. Contracts § 465, p. 623, that contracts to perform personal acts are considered as made on the implied condition that the party shall be alive and capable of performing the contract, so that death or disability, including sickness, will operate as a discharge, termination of the contract, or excuse for nonperformance.[1]

■ As stated in 6 Williston, Contracts, Rev.Ed., § 1942, until illness has continued long enough to be material, a contract for personal services cannot be terminated.

However, after the breach has become material or the prospective incapacity is such as to justify termination, the employer has an election to continue the contract or to terminate it.

The leading case on the subject seems to be Citizens Home Insurance Company, Inc. v. Glisson, 191 Va. 582, 61 S.E.2d 859, 21 A.L.R.2d 1241. We think the decision in that case correctly states the law applicable to the facts we are dealing with.

At 61 S.E.2d 861, the Virginia court said, if the agreement is silent on the subject, temporary disability of short duration as compared with the term of service contemplated does not of itself warrant termination of the contract. However, illness of long duration whereby the employee is rendered unable to substantially perform his duties permits the employer to treat the agreement as terminated.

■ The Virginia court also points out in its *Glisson* opinion, at 61 S.E.2d 862, that there is no fixed or certain formula by which it may always be determined whether the illness constitutes sufficient justification for the employer to terminate. The nature of the business and duties required by the contract, the character and possible duration of the illness, the necessities of the employer, to what extent the duties can for a time be performed by another and many other circumstances may enter into and materially influence the right to terminate.[2]

■ Finally, it was concluded in the *Glisson* case that whether justification exists for termination of a contract, under the facts and circumstances of a particular case, is usually a question of fact for the fact finder.

An annotation on the right of an employer to terminate a contract because of the employee's illness or physical incapacity follows the A.L.R. report of the case of Citizens Home Insurance Company, Inc. v. Glisson, commencing at 21 A.L.R.2d 1247. Section 3, commencing on page 1251, deals

1. For cases which hold to this effect, see Hong v. Independent School Dist. No. 245, 181 Minn. 309, 232 N.W. 329, 330; Auran v. Mentor School Dist. No. 1, 60 N.D. 223, 233 N.W. 644, 646, reh. den. 233 N.W. 644, 647; Hetkowski v. School Dist. of Borough of Dickson City, 141 Pa. Super. 526, 15 A.2d 470, 472; Schlueter v. School District No. 42 of Madison County, 168 Neb. 443, 96 N.W.2d 203, 206; and Stein v. Bruce, Mo.App., 366 S.W.2d 732, 734.

2. A similar pronouncement pertaining to the factors involved in determining whether termination is justified was made in Strader v. Collins, 280 App. Div. 582, 116 N.Y.S.2d 318, 322. There, the court held the ultimate issue was the physical condition of the employee and his ability to do the work. This question was considered to be one for the jury. See also Cameron v. J. C. Lawrence Leather Co., 47 Tenn.App. 671, 342 S.W. 2d 65, 66.

with cases which have held termination on account of illness or disability was justified.

■ In Rench v. Watsonville Meat Co., 138 Cal.App.2d 482, 292 P.2d 85, 89, the rule we accept as applicable for the matter now before us is well summarized. On the strength of this case and the other authorities we have mentioned, we must conclude: Whether Mrs. Fisher's employment for a ten-month period could be rightly terminated by Saint Mary's School on account of her illness and disability was a matter dependent upon such factors as length of the term, nature of the services, length of illness and nature of disability; and, while a mere temporary illness ordinarily is not sufficient reason for termination of her contract, illness and disability for such length of time as to cause serious inconvenience or injury to the school would be sufficient reason for termination of her contract.

Also, on the strength of the authorities we have mentioned (including the *Rench* case), we must consider and hold it was a question of fact for the trier to decide whether Mrs. Fisher's inability to perform was for a sufficient duration, under the circumstances of this case, to warrant termination of her contract because of illness.

It is apparent that one of the considerations in deciding what action the school would take was the length of service Mrs. Fisher had rendered and the future services she could be expected to render. Thus, the school indicated its willingness to continue plaintiff's tenure through the 1970–1971 school year if her services would be available for the following school year. On March 16, 1971, however, Mrs. Fisher advised she would not teach for Saint Mary's in the 1971–1972 school year. The school then advised plaintiff, by a letter dated March 30, 1971, that the relationship between them was terminated in all respects.

■ It is undisputed that Mrs. Fisher had taught two months and 12 days on her ten-month contract when she suffered her cerebral hemorrhage. She agrees she could not have returned to work before April 1, 1971. Thus, admittedly, she would have had to be absent from her duties because of illness four months and 18 days. We cannot say as a matter of law that the trial court was wrong in treating an absence of four months and 18 days a sufficient portion of the ten-month contract to materially inconvenience and injure the school and to justify termination.

As far as the claim for compensation during April, May and June is concerned, termination took place prior to the first of April. With respect to the suggestion that plaintiff may be entitled to the difference between her salary and the cost for a substitute during February and March, we have already indicated the evidence shows a full-time replacement was hired commencing February 1, 1971 and plaintiff's salary was terminated as of that date.

There is nothing in the evidence to indicate what salary was paid to the replacement teacher. Hence, even if we were to entertain appellant's suggestion pertaining to February and March, we would have to hold there was a failure of proof of damages for those months.

Affirmed.