**In the Matter of Unrequested Leave of Absence of: Principal Ambbia FINLEY, Relator,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 566, ASKOV, Minnesota, Respondent.**

No. C0-84-1254.

Court of Appeals of Minnesota.

Jan. 8, 1985.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LESLIE, Judge.

Relator petitioned for writ of certiorari for review of respondent school district's action placing her on unrequested leave of absence from her elementary principal position. This court granted the petition and reverses.

## FACTS

Respondent school district encompasses three small communities in northeastern Minnesota. It has just under 400 students. Relator Finley was the district's full-time elementary principal through the 1983/84 school year, with the exception of 1982/83 when she was half-time principal. She has a continuing contract with respondent.

Because it suffered financial problems the district's school board sought ways to decrease expenses. At a school board meeting on April 23, 1984, the board discussed eliminating its full-time elementary principal position and turning over those responsibilities to the school superintendent. State regulations require schools with at least 200 but not more than 400 elementary pupils to have a licensed principal devoting not less than one-half time to administration and supervision. Minn.Rules 3500.1400 Subpart 1 (1983).

Respondent's superintendent is licensed as an elementary principal. At the school board meeting he stated he was willing to assume half-time elementary principal responsibilities. He also has greater seniority than relator. Following considerable discussion the school board adopted by majority roll call vote a motion "to eliminate the separate position of elementary principal" at the end of the 1983/84 year. The school board approved the type-written minutes from that meeting during its May 14, 1984 meeting.

Dale G. Swanson, Forest Lake, for relator.

Patricia A. Maloney, St. Paul, for respondent.

On April 24, 1984, the school superintendent prepared a "Notice of Proposed Placement on Unrequested Leave of Absence" which the school board clerk signed. The notice was then served on relator along with a copy of the April 23rd minutes. Relator exercised her right to a hearing and waived the requirement of a decision by the June 1 statutory deadline. The hearing examiner found relator's placement on unrequested leave of absence was justified. The school board adopted the hearing examiner's decision at its June 25, 1984 meeting by roll call vote. Following that meeting the school board offered relator a full-time teaching position.

## ISSUE

Did respondent school district comply with the procedural requirements of Minn. Stat. § 125.12 (1982) for placing relator on unrequested leave of absence?

## ANALYSIS

█ A continuing contract employee has a protected property interest which can only be terminated under the procedural requirements of Minn.Stat. § 125.12 (1982). The Minnesota Supreme Court requires strict compliance with § 125.12. *Perry v. Independent School District No. 696*, 297 Minn. 197, 202, 210 N.W.2d 283, 287 (1973).

Minn.Stat. § 125.12, subd. 4 provides in part:

A teacher who has completed his probationary period in any school district, and 'who has not been discharged or advised of a refusal to renew his contract pursuant to subdivision 3, shall have a continuing contract with such district. Thereafter, the teacher's contract shall remain in full force and effect, except as modified by mutual consent of the board and the teacher, *until terminated by a majority roll call vote of the full membership of the board* * * * prior to June 1 upon one of the grounds specified in subdivisions 6a or 6b * * * *Before a teach-*

*er's contract is terminated by the board, the board shall notify the teacher in writing and state its ground for the proposed termination in reasonable detail* together with a statement that the teacher may make a written request for a hearing before the board * * *.

(Emphasis supplied.) Subdivision 6b specifies the grounds for placement on unrequested leave of absence which the parties agree are met here.

Subdivision 4 sets forth with clarity the following procedure. School boards must notify continuing contract employees of the proposed termination and of their right to a hearing. After that notice school boards can terminate employees upon a majority roll call vote. Subdivision 4, however, does not specify the procedure school boards must follow before issuing the notice of proposed termination.

Relator's primary objection is the school board's failure to adopt a resolution specifically *proposing* to place relator on unrequested leave of absence. Relator asserts that the accepted practice among school boards is to propose terminations only after a roll call vote. Respondent points out that subdivision 4 does not specify the procedure for proposing termination and issuing the written notice. Even if such a requirement exists respondent asserts it has substantially complied with it.

█ We hold the school board's failure to take specific action by voting to propose placement of relator on unrequested leave of absence violates Minn.Stat. § 125.12 and the case law interpreting that statute. The procedure set out in Minn.Stat. § 125.12 necessarily involves two separate decisions by a school board: (1) a decision to *propose* termination or demotion, and (2) a decision, after a hearing if requested, to *terminate or demote*. While a school board may delegate ministerial tasks such as preparation of a notice form, it may not delegate its authority to terminate or demote continuing contract employees. *Hong v. Indepen-*

*dent School District No. 245, Polk County,* 181 Minn. 309, 232 N.W. 329 (1930).

█ Respondent asserts the school board's action eliminating the separate full-time elementary teaching position was a specific action proposing placement of respondent on leave of absence. We disagree. The action eliminating the position held by relator differs from an action placing relator on an unrequested leave of absence. *See Independent School District No. 621 v. Public Employment Relations Board,* 268 N.W.2d 410, 413 (Minn.1978) (the position held by a teacher is separate from the individual occupying the position). The school board could have offered relator the half-time principal position it created when it eliminated her position, thus making a full unrequested leave of absence unnecessary. Because the school board did not make that decision, the superintendent and the school board clerk did not have authority to serve notice of the proposed action.

### DECISION

We reverse respondent's placement of relator on unrequested leave of absence because it failed to comply with the procedural requirements of Minn.Stat. § 125.12. Relator's request for attorney's fees under Minn.Stat. § 549.21 (1982) is denied.