HOME FIRE INSURANCE COMPANY OF OMAHA V. BERG & STORY.

FILED JANUARY 9, 1896. No. 5902.

1. **Pleading.** New matter constituting a defense in whole or in part is not available under a general denial, but should be specially pleaded.

2. **Evidence:** ATTORNEY AND CLIENT: PRIVILEGED COMMUNICATIONS. Information voluntarily entrusted to an attorney at law, where the relation of attorney and client does not exist, is not a privileged communication under the provisions of the Code of Civil Procedure.

ERROR from the district court of Adams county. Tried below before BEALL, J.

*B. F. Smith* and *Jacob Fawcett*, for plaintiff in error.

*Capps & Stevens, contra.*

Post, C. J.

This action originated in the county court for Adams county on a policy of insurance for $400, issued by the plaintiff in error, defendant below, to one Louis Carroll on a certain Clydesdale stallion, eight years old, of the value of $1,600. The cause was in due time removed to the district court of said county, where a trial was had, resulting in a verdict and judgment for the plaintiff in the sum of $200, and which has been removed into this court for review upon the petition in error of the defendant therein.

It is in the petition below, among other things, alleged that after the death of the horse insured, and after a cause of action had accrued on the policy, said Carroll, for a valuable consideration, assigned and transferred to the plaintiff a one-half interest therein, of which the defendant was in due form notified. The answer, after admitting the issuance of the policy and the death of the horse above mentioned, denies each and every other allegation of the petition, and concludes as follows: "Defendant further answering says that it has paid and settled for the loss of said horse so insured before the bringing of this suit and denies that it is indebted to Louis Carroll or Berg & Story for said loss of said horse in any sum whatever." The allegations of the petition were fully sustained by the proofs adduced at the trial, the assignment referred to therein being in writing under date of July 8, 1891, the loss having occurred June 27, previous.

On the part of the defendant it was attempted to show (1) a recession by Carroll of the assignment to the plaintiff; (2) a subsequent settlement and discharge by Carroll, the insured. The liability of the defendant company on the policy of insurance being admitted and the assignment being clearly established, it follows that the judgment should not be disturbed unless perhaps on the ground that the contract of assignment was, as claimed, rescinded by Car-

roll; but however meritorious that defense might have been under other circumstances, it is not available to the defendant company in this action. There is no rule of pleading more firmly established under our Code than that new matter constituting an entire or partial defense must be specially pleaded. (Code of Civil Procedure, sec. 99.) Inasmuch as the answer contains no reference to a recession of the assignment, further reference to the subject would be out of place in this opinion.

The only other assignment of error calling for notice is the overruling of the objection to the testimony of Mr. Olmstead on the ground that the communication sought to be elicited was privileged, having been made to the witness while acting as attorney for the defendant. The purpose of the evidence was to prove notice to the defendant company of the assignment by Carroll to plaintiffs and was without doubt admissible, since it is clearly shown from his *voir dire* examination that he did not at any time stand in the relation of attorney for the defendant. His answers, it is true, disclose the fact that while he did at one time appear for the defendant in the county court in the belief that he had been retained for that purpose, he was soon thereafter advised by Mr. Barber, secretary of the company, that his appearance was unauthorized. But, assuming the relation of attorney and client to have in fact existed, the evidence was nevertheless admissible, since it was in no sense a privileged communication, but was confined to a statement that the adjusting agent of the defendant company, having insurance on the horse in question, saw and examined the written assignment from Carroll to the plaintiffs. There being no error in the record the judgment is

AFFIRMED.