IN RE ESTATE OF SAPHRONIA JONES.
IDA M. LIVINGSTON, APPELLANT, V. A. G. ELLICK, ADMINISTRATOR, APPELLEE.

FILED MARCH 20, 1909.  No. 15,442.

1. Appeal: SUPERSEDEAS. In an appeal from the judgment of a county court in a matter of probate jurisdiction, a bond which is not conditioned as required by the statute is insufficient to supersede the judgment appealed from.

2. ———: TRIAL DE NOVO. In the trial of a case in the district court on appeal from the county court, a party may plead and prove any facts arising since the trial in the county court which shows that the adverse party is not entitled to the relief sought.

3. ———: REVERSAL: RELIEF. Although appellant may fail to supersede an erroneous judgment, which is later executed, the appellate court should reverse it, and, if it appears equitable and just, the appellant should be permitted to seek restoration.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed in part with directions.*

*B. N. Robertson,* for appellant.

*J. A. C. Kennedy* and *A. G. Ellick, contra.*

EPPERSON, C.

The appellee was administrator with the will annexed of the estate of Sophronia Jones, deceased, and made his final report to the county court, showing the full administration of the estate, and asked a decree for the distribution of' the residue, and for his discharge as administrator. Notice was duly given of the hearing, and at the time therein fixed the court entered an order of distribution. The appellant was a beneficiary under the will to the extent of $205.98, but in the order of distribution the county court found that there was due the estate from the appellant the sum of $1,294 on certain notes, which sum it was ordered should be deducted from her distributive share. One of the notes referred to was given to a bank for $200, signed by R. L. Livingston and Alfred D. Jones. Jones was surety only, and had paid the note. The other note referred to was for $340, and was given by R. L. Livingston and Mrs. R. L. Livingston, the appellant herein, to Alfred D. Jones on May 4, 1892. Alfred D. Jones was the husband of Sophronia Jones, who survived him. The notes in controversy came into the possession of the appellee as administrator, and presumably belonged to the estate. In his inventory and in his petition for discharge the notes were referred to as of no value. R. L. Livingston was the husband of the appellant, and is deceased. The administrator made no request that the amount represented by these notes be deducted from the distributive share of the appellant, nor did any of the interested parties make such a request. One of the heirs suggested such an order to the county court, upon which he acted without notice to appellant. The administrator, acting, perhaps, with too much haste, distributed the money as directed by the court, and procured a final or-

der of discharge. A few days later the appellant filed an application with the county court, asking that the order of distribution and of the discharge of the administrator be set aside. She also appealed to the district court from such orders. Upon trial in the district court the appellant introduced evidence showing that the $340 note was given to Alfred D. Jones in consideration of his having paid as surety the $200 note, the debt of appellant's husband, and, moreover, was permitted to prove that no consideration passed to her for her signature upon the $340 note, and that it was not signed with reference to her property, trade or business. It appears, therefore, that the county court erred in requiring the deduction of this indebtedness from the distributive share of the appellant.

But the disposition of this case depends upon another question which demands consideration here. The administrator filed an answer, alleging distribution according to the provisions of the order appealed from, and further alleging that the appeal bond given by the appellant to the county court in the prosecution of her appeal therefrom was insufficient to supersede the judgment. The bond was deficient, in that it was signed by one surety instead of two, and was not conditioned as required by law, in that it provided only for the payment of costs instead of debts, damages and costs as provided by section 4825, Ann. St. 1907. This bond did not supersede the judgment of the county court. *Gillespie v. Morsman*, 2 Neb. (Unof.) 162; *O'Chander v. State*, 46 Neb. 10; *State v. Ramsey*, 50 Neb. 166. For this reason, we are convinced that the appellant cannot now complain that the administrator has distributed the funds under the erroneous order of the county court. This, of course, introduced in the trial an issue which was not before the county court. But it was alleged by way of supplemental pleadings, and set forth conditions or facts arising since the trial in the county court which were sufficient to show that it was impossible now to give the relief to appellant which she seeks. As the order of distribution was not superseded, the administra-

tor was justified in paying out the funds to the distributees, and could have been compelled to do so had he refused. For these reasons, the appellant was not entitled to a personal judgment against the administrator, nor its equivalent in the form of an order of distribution requiring him to pay her the amount she claims.

It is apparent from the record before us that the order of distribution was erroneous, and that appellant was entitled to relief. The other legatees have received the amount which should have been paid to appellant. They were parties to the proceeding in which the estate was settled, and in which the order of distribution complained of was made. They made no appearance in the district court, probably thinking that the administrator would represent them. Notwithstanding the fact that appellant failed to supersede the order of distribution, she was entitled to a reversal and modification of that order. In procuring a reversal she would be entitled to proceed against her colegatees for a restoration of the amount each received, which should have been awarded to her, unless they have a defense, which is not indicated in the case before us. In *State v. Horton*, 70 Neb. 334, it was held: "It is a general rule that, 'upon the reversal of a judgment which has been executed, it is the duty of the court to compel restitution,' but restitution is not, in all cases, a matter of absolute right; it rests in the sound discretion of the court." We think this case is one in which appellant should be permitted to enforce a restoration of her money.

We recommend that the judgment of the district court, so far as it releases the administrator from liability, be affirmed, but otherwise reversed and remanded, with instructions to the court below to enter judgment reversing and modifying the county court's order of distribution, and permitting the appellant, if she so desires, to seek restoration of her money from the other legatees.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: The judgment of the lower court releasing the administrator is affirmed, but remanded, with instructions to the lower court to reverse and modify the county court's order of distribution, and permit the appellant, if she so desires, to seek restoration of her money from the other legatees.

JUDGMENT ACCORDINGLY.