(92 Misc. Rep. 228)

HOUGHTALING v. UPPER KITTANNING BRICK CO.

(Supreme Court, Appellate Term, First Department. November 11, 1915.)

1. CORPORATIONS ⬌291—OFFICERS—TERM.

Under a resolution of defendant corporation, immediately following the election of officers, including a general manager, that "the salary of the general manager for the ensuing year is fixed at $2,000, payable in monthly installments," the manager was engaged for one year, and not for an indefinite period.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1250–1254; Dec. Dig. ⬌291.]

2. MASTER AND SERVANT ⬌3—EMPLOYMENT CONTRACT—CONSTRUCTION AGAINST PARTY USING LANGUAGE.

Where the meaning of language used by an employer in engaging another's services is doubtful, it will be construed most favorably to the employé, and given the meaning which the employer ought reasonably to have understood that the employé would put upon it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 2, 3; Dec. Dig. ⬌3.]

3. STATUTES ⬌289—EVIDENCE—FOREIGN STATUTE—PROOF.

An alleged copy of a foreign statute was improperly admitted in evidence, where it was not proved.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 389, 390; Dec. Dig. ⬌289.]

Page, J., dissenting.

---

⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Edwin M. Houghtaling against the Upper Kittanning Brick Company. From a judgment for plaintiff for $536 and costs, defendant appeals. Modified and affirmed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Edward Maxson, of New York City (Earl W. Osborne, of New York City, of counsel), for appellant.

Joseph V. Mitchell, of New York City (James C. Madigan, of New York City, of counsel), for respondent.

SHEARN, J. [1, 2] The decision of this case depends upon whether the contract of employment was for the period of one year, or was for an indefinite period. There was no written contract. The engagement was made at a meeting of the board of directors of the defendant corporation, when, on the occasion of the annual election of officers, the plaintiff was "elected" general manager. Plaintiff was present at the meeting of the board, and testified that he heard the motion put and carried, and that the motion was—

"to make Edwin M. Houghtaling general manager for the ensuing year at a salary of $2,000 a year."

The resolution, as it appears in the minutes, however, immediately following the declaration by the chairman of the election of the president, vice president, secretary and treasurer, and general manager, was in the following form:

"On motion of Mr. Geo. C. Smith, and seconded by Mr. Otto Wittpenn, the salary of the general manager for the ensuing year is fixed at $2,000, payable in monthly installments."

It is claimed that the phrase "for the ensuing year" has reference not to the term of employment, but to the amount of salary that was to be paid for the ensuing year to whomsoever held the position of general manager. I cannot acquiesce in any such construction of the minutes. Plaintiff had just been elected general manager, and the very next resolution fixes the salary of the general manager for the ensuing year. It is very plain, and it seems to me that the resolution referred to the plaintiff, who had just been elected general manager. If it does refer to the plaintiff, I do not see how it can be fairly construed as anything but an engagement for one year.

The most that can be said in favor of defendant's contention is that the wording of the resolution is uncertain and susceptible of defendant's contention. The wording of the resolution, it must be remembered, is that of the defendant. The language employed was not plaintiff's.

"Since the language is the defendant's, we must construe it, if its meaning is doubtful, most favorably to the plaintiff. * * * We must also give its words the meaning which the defendant ought reasonably to have understood that the plaintiff would put upon them." Moran v. Standard Oil Co., 211 N. Y. 187, 196, 105 N. E. 217, 220.

Paraphrasing Judge Cardozo's opinion in the Moran Case: When these canons of construction are remembered and applied, we must conclude that the plaintiff believed, and had the right to believe, that he had been engaged as general manager for the ensuing year at a salary of $2,000, payable in monthly installments.

The unreasonableness of the contention that the resolution merely fixed the salary of an office, instead of providing for the agreed compensation of the plaintiff, further appears from the fact that according to the by-laws of the defendant the only officers of this corporation authorized to be elected were a president, a vice president, a treasurer, and a secretary. Although the management of the affairs of a corporation are intrusted by law to the board of directors, it commonly happens that the actual practical management is conducted by the president as an incident to the broad general powers and responsibilities of the president or chief executive officer. In this case, however, it evidently was not intended that the president should be called upon to assume the details of managing the defendant's business as an incident to the office, for the plaintiff was the president, and in addition was appointed general manager. It was for his undertaking to perform the duties of general manager that the defendant agreed to pay him a salary—a much more reasonable conclusion than to assume that the directors were fixing the salary of an "office" for which the by-laws made no provision. The court below correctly found that there was no justification for the plaintiff's discharge.

[3] This being a West Virginia corporation, defendant further relied upon a West Virginia statute providing that the officers and agents of West Virginia corporations, appointed by the board of directors, "shall hold their places during the pleasure of the board." This statute was not pleaded, and the alleged copy of the statute received in evidence was improperly admitted, because it was not proved.

The judgment, however, should be modified, by deducting therefrom the sum of $166.66, representing the amount by which plaintiff overdrew his salary account during the period of his employment. As so modified, the judgment is affirmed, with $15 costs.

BIJUR, J., concurs.

PAGE, J. I dissent. The plaintiff was elected general manager of the defendant corporation at a meeting of the board of directors held on the 19th day of February, 1913. It is conceded that nothing was said at the meeting as to the term for which plaintiff was elected. At the same meeting a resolution was passed:

"The salary of the general manager for the ensuing year is fixed at $2,000, payable in monthly installments."

On November 5, 1913, the directors removed the plaintiff from office of general manager and elected H. Otto Wittpenn to that position. This action was brought to recover the salary from the time of the plaintiff's removal until February 19, 1914, upon the theory of a yearly hiring.

Plaintiff contends that the foregoing resolution fixed his term "for the ensuing year." That phrase has reference, not to the term of employment, but to the amount of salary that was to be paid for the ensuing year to whomsoever held the position of general manager. It is well settled in this state that, unless a definite period of service is specified in the contract, the hiring is at will, and the master has the right to discharge the servant and the servant to leave at any time.

In my opinion, the judgment should be reversed, and a new trial granted.