JOHN E. KRING, APPELLEE, v. SCHOOL DISTRICT, APPELLANT.

FILED MARCH 25, 1921. NO. 21383.

Master and Servant: ACTION FOR WAGES: DEFENSES. Where an employee is wrongfully discharged prior to the termination of his contract of employment, in an action to recover the stipulated wages for the entire term covered by the contract, the burden is upon the defendant to plead and prove in mitigation of damages that the plaintiff obtained, or by the exercise of due diligence might have obtained, other employment, and it constitutes a defense which plaintiff is not required to anticipate. First paragraph of the syllabus in the case of *School District v. Foster*, 31 Neb. 501, distinguished.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Peterson & Devoe* and *George W. Ayres,* for appellant.

*Bernard McNeney* and *J. G. Thompson, contra.*

TIBBETS, C.

This is an action by the plaintiff against defendant school district No. 3, of Harlan county, Nebraska, for damages for an alleged unlawful discharge of plaintiff as teacher by the defendant. Trial was had by a jury, who returned a verdict for the plaintiff in the sum of $650. The court entered an order that the plaintiff file a remittitur of $72.24, in which event a judgment would be rendered for $577.76. The remittitur was filed and judgment rendered for that amount, from which judgment defendant appeals.

The petition of the plaintiff in this action alleges that the plaintiff was employed by the defendant on the 27th day of April, 1918, as a qualified teacher under the laws of the state of Nebraska for the term of nine months, commencing on the 2d day of September, 1918, and for which he was to receive $144.44 a month; that plaintiff taught in the school for four months, beginning on the 2d day of

September, and on the 24th day of January, 1919, plaintiff was discharged by the defendant and was refused permission to continue his services further, and this without any reasonable cause or excuse; that plaintiff, since his discharge, has made all possible and reasonable endeavor to secure other employment, but has been unable to do so; and that he has been damaged in the sum of $722.

The petition fairly sets out the contract of employment, a copy of which is attached to the petition. The defendant for an answer admits the employment of plaintiff, and denies all other allegations in plaintiff's petition not specifically admitted, and further alleges that the plaintiff failed to comply with his contract, in that he did not teach the school of the defendant in a faithful and efficient manner, and failed to maintain discipline, permitting the school to become disorganized, and that plaintiff was incompatible with the teaching force of the school, and urged changes of various kinds, and was interfering with the work of the other teachers, and his actions were such that they threatened to disrupt the entire teaching force. Defendant also alleges that, in view of a clause in the contract providing that, in the event plaintiff should be discharged for sufficient cause or should have his certificate annulled, he should not be entitled to compensation from and after such dismissal or annulment, or in the event the school was closed by the board of health, and the defendant further alleges that it had sufficient cause for discharging the plaintiff. To the answer plaintiff filed a reply containing a general denial of all the allegations of the answer which did not contain an admission of the allegations of the petition.

The grounds on which the defendant seeks a reversal of this cause are: First, the verdict is not sustained by the evidence; second, the verdict is excessive under the evidence; third, the court erred in giving instruction No. 4; fourth, the court erred in failing to instruct the jury as to the true measure of damages.

Taking the first objection raised by the defendant, that the verdict is not sustained by the evidence, while dif-

ferent minds might draw different conclusions from the evidence as it was adduced at the trial, the jury were called upon to act upon controverted questions of fact, and it was their province, if exercised reasonably, to determine these facts, which they did, and it is not discretionary, nor is it the duty of this court to interfere with that which is exclusively delegated to the jury. We have examined the record and the evidence was sufficient to sustain the verdict.

The second proposition, that the verdict is excessive under the evidence, we do not think is worthy of serious consideration. The question of how much was due plaintiff at the time he was discharged is foreclosed; he stated he taught four months and was paid for four months. That was settled and determined. The school was closed for one month by order of the board of health. There then remained four months to the termination of the contract, which at $144.44 a month would amount to $577.76, the amount for which judgment was rendered.

Third, as to the court having erred in giving instruction No. 4, which reads as follows: "The court instructs you that the whole question for your determination in this case is: Did the defendant discharge the plaintiff as superintendent of said school for sufficient cause. If you find from the evidence that the defendant school district had no sufficient cause to discharge the plaintiff from its employment, then the plaintiff would be entitled to recover, and you should determine from the evidence the amount of his recovery. If, on the other hand, you find from the evidence that the defendant school district did have sufficient cause to discharge said plaintiff, then the plaintiff could not recover and your verdict should be for the defendant."

It is a well-settled principle of law in this jurisdiction that the instructions shall be considered as a whole. As far as the court defined the law in instruction No. 4 it was correct, as we will see hereafter, and, if not correct, was in no wise prejudicial to the defendant. It was largely remedied by instruction No. 5, which defines the amount

of his recovery, if the jury should find that the plaintiff is entitled to recover, and we consider that the instructions as a whole, while they may have been irregular in some respects, were in no wise prejudicial to the defendant, as the verdict as to the amount was correct and was based upon the true measure of damages as disclosed by the evidence.

Defendant places considerable stress upon the failure of the plaintiff to secure other employment, if possible, during the time from his discharge to the commencement of this action, and cites us to the case of *School District v. Foster,* 31 Neb. 501. We are aware that an examination of the last-cited case would to some extent at least substantiate the contention of defendant, not only that plaintiff should endeavor to procure employment in order to mitigate the amount of damages, but it became his duty to use every effort to do so, and furthermore that it devolved upon plaintiff to show that he did do so, and this was undoubtedly the idea of the plaintiff also when he alleged in his petition that he was unable to procure employment. However, that is not the law.

In the case of *Wirth v. Calhoun,* 64 Neb. 316, this court held: "In an action by an employee against his employer for damages for breach of contract, arising from the wrongful discharge of the former, that the plaintiff obtained, or by the exercise of due diligence might have obtained, other employment, is a matter of defense, which the plaintiff is not required to anticipate in his petition. The burden of proof is on the defendant to establish such defense, and on failure thereof, or of showing other facts in mitigation of damages, the measure of damages is the contract price." In *School District v. McDonald,* 68 Neb. 610, this court cited with approval the case of *Wirth v. Calhoun, supra.* In *International Text-Book Co. v. Martin,* 82 Neb. 403, the court also cited with approval and adopted the rule as laid down in *Wirth v. Calhoun, supra.*

In *Helwig v. Aulabaugh,* 83 Neb. 542, it is held: "It is the duty of an employee who has been wrongfully discharged in violation of his contract to make reasonable

efforts to avoid loss by securing other employment." In the opinion the court say: "The action of the trial court was also in harmony with the doctrine that the burden is on an employer who discharges his employee in violation of his contract of employment to show in mitigation of damages that the latter by the exercise of due diligence in securing other employment might have reduced the loss" —citing *Wirth v. Calhoun, supra,* and also *Beissel v. Vermillion Farmers Elevator Co.,* 102 Minn. 229.

It seems to be practically the latest and universal rule that, where an employee brings an action against the employer for damages resulting from a violation of the contract of employment, the burden rests upon the defendant to plead and show that the employee might have or could have obtained employment in mitigation of damages. It is uncontradicted that this action was commenced after the termination of the contract period, and that plaintiff did no work for which he received compensation. His measure of damages, then, would be the contract price during the period from the time he was discharged to the termination of the contract. In the absence of a showing of anything specific with reference to moneys received by the employee during the contract term, upon which the jury can fix the amount to be deducted from his salary, the jury should give the employee his full salary. *World's Columbian Exposition v. Richards,* 57 Ill. App. 601. And a mere statement by the plaintiff that for a part of the year he made his personal expenses, with no proof whatever as to their amount, does not furnish sufficient ground for a reduction of damages because of such earnings. *Fuller v. Little,* 61 Ill. 21.

We find no error in the record, and therefore recommend that the judgment of the district court be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.