MARIAN SIEVERS SCHLUETER, APPELLANT, v. SCHOOL DISTRICT NO. 42 OF MADISON COUNTY, APPELLEE.

96 N. W. 2d 203

Filed April 17, 1959. No. 34560.

*Frederick M. Deutsch* and *William I. Hagen,* for appellant.

*James F. Brogan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Marian Sievers Schlueter, formerly Marian Sievers, brought this action in the district court for Madison County against School District No. 42 of Madison County. Plaintiff claims the defendant unlawfully breached a teaching contract it had entered into with her for the school year of 1956-57 and, by reason of that fact, owes her the sum of $1,375. Plaintiff herein seeks to recover that amount with interest.

A jury returned a verdict for the plaintiff in the sum of $137.50 for the first half of January 1957. The trial court entered a judgment on the verdict for the plaintiff. Plaintiff then filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court overruled the motion and this appeal was taken from that ruling.

Appellee is a duly organized and existing school district located in Madison County. We shall herein refer to it as the district. Appellant, then Marian Sievers, taught school in this district for the school year of 1955-

56. On January 25, 1956, she entered into a written "Teacher's Contract" with the district for the school year of 1956-57. The district, by the terms of the contract, agreed to pay appellant for teaching at the rate of $275 a month for 9 months, commencing with September 1956, or a total of $2,475.

Appellant married Kenneth F. Schlueter on June 3, 1956. When the district's school opened in September 1956, appellant started teaching. She continued to teach during September, October, November, and December of 1956, and through Friday, January 11, 1957. The district paid her at the rate of $275 per month for September, October, November, and December 1956.

On January 3, 1957, appellant met with the district's school board consisting of William F. Mazuch, Mrs. Arthur Zessin, and Otto Schlueter. At that time the board caused the following notice to be delivered to appellant: "Mrs. Marian Schlueter Lindsay, Nebraska Dear Marian: Due to your present condition which makes it impossible for you to complete this year of teaching, we hereby notify you that on January 11, 1957 your contract is terminated. The law in Section 79-1234, Nebraska School Laws, 1955-56 states that (9) physical incapacity is just cause. We believe this is in the best interests of all concerned. Sincerely yours, William F. Mazuch, Mrs. Arthur Zessin, Otto Schlueter." Appellant's "condition" referred to in the foregoing notice, was the fact that she was then pregnant.

On Friday, January 11, 1957, school board member William F. Mazuch went to the district's schoolhouse and there met appellant. He told her the board had hired another teacher to start teaching on Monday, January 14, 1957, that her contract had been terminated, and asked that she turn the keys, which she had to the schoolhouse, over to him. Appellant refused to give Mr. Mazuch the keys she had and told him she would be back to teach on Monday.

On Monday, January 14, 1957, appellant reported at

the district's schoolhouse to teach. When she got there she discovered a padlock on the door of the schoolhouse which prevented her from entering it. Shortly thereafter the members of the school board arrived at the school, bringing with them the new teacher they had hired to take appellant's place. The school board dismissed school for the day, locked the door to the school, and left. The following notice was caused to be served on appellant: "January 14, 1957 Dear Mrs. Schlueter: In addition to the reasons given in our letter of January 3, 1957, we hereby give you the following additional reasons for terminating your contract: 1. Installing a substitute teacher without the knowledge or consent of the Board. 2. Failing to comply with reasonable rules and regulations of the Board with reference to making up missed school days and other matters. 3. Failing to come to school on time. 4. Improper supervision of playground. 5. Dismissing school without permission of the Board when not required by sickness, accident or other unavoidable necessity. 6. Breaching your contract in other ways. MADISON COUNTY SCHOOL DISTRICT NO. 42 By Mrs. Arthur Zessin William F. Mazuch."

Appellant again reported at the school to teach on Tuesday, January 15, 1957. Shortly after she arrived the sheriff of Madison County came to the school. On behalf of the district he served her with a "Notice to Quit School Premises" and told her he would have to put her in jail if she didn't leave the premises. She left shortly thereafter. As stated in School Dist. No. 1 of Jefferson County v. Parker, 82 Colo. 385, 260 P. 521: "The refusal by the defendant to allow the plaintiff to perform the duties required by her employment amounted to her dismissal from such employment."

The "Teacher's Contract" referred to contains the following provision: "IT IS UNDERSTOOD, That this contract may be terminated only by mutual agreement, or by the operation of law, * * *."

Section 79-1234, R. R. S. 1943, provides: "Any teacher's certificate may be revoked by the State Board of Education for just cause. Just cause may consist of any one or more of the following: (1) Incompetence, (2) immorality, (3) intemperance, (4) cruelty, (5) crime against the law of the state, (6) *negligence of duty*, (7) *general negligence of the business of the school*, (8) unprofessional conduct, or (9) *physical* or mental *incapacity*. The revocation of the certificate shall terminate the employment of such teacher, but such teacher must be paid up to the time of receiving notice of revocation. The board shall immediately notify the secretary of the school district or board of education where such teacher is employed. It shall also notify the teacher of such revocation and shall enter its action in such case in the books or records of its office; Provided, no certificate shall be revoked without due notice from the board and an opportunity given the teacher to explain or defend his conduct. Any person failing to appear at a hearing called for the purpose of considering the revocation of his certificate, shall be deemed guilty of the charges preferred and shall have his certificate revoked immediately." (Emphasis ours.) The district made no attempt to comply with this statute.

In an identical situation in Greer v. Chelewski, 162 Neb. 450, 76 N. W. 2d 438, we said: "In view of the authority so granted by the Legislature, which has full authority to deal with the subject, we find nothing illegal or unreasonable in the school district having contractually delegated its right to discharge appellant for good cause to the state Superintendent of Public Instruction. (State Board of Education since January 6, 1955; see §§ 79-1234 and 79-338, R. R. S. 1943.) We think appellant sufficiently offered to perform her part of the contract but was prevented from doing so by the school district without any right on its part to do so. In view thereof we find appellant has a right to recover for the unpaid balance of her wages." The fact

that appellant, subsequent to the breach, became temporarily unable to perform any teaching duties, because of the birth of the child with which she was pregnant, would be immaterial for the district had unlawfully breached the contract prior thereto by discharging her. As stated in Miller v. Sealy Oil Mill & Mfg. Co. (Tex. Civ. App.), 166 S. W. 1182: "The time appellant was sick after his discharge could not be deducted from his damages. Appellee should not be allowed to defend against its breach of a contract by showing the misfortune of appellant; * * *."

Appellee cites Hong v. Independent School Dist. No. 245, 181 Minn. 309, 232 N. W. 329, 72 A. L. R. 280, and Auran v. Mentor School Dist. No. 1, 60 N. D. 223, 233 N. W. 644, as here applicable. The question of dismissal or termination of a teaching contract by the employer was not involved in either of those cases. In both cases the employer was forced to act when the employee failed to perform her duties. In Hong v. Independent School Dist. No. 245, *supra,* the teacher had not sufficiently recovered from an operation for appendicitis on September 10, when school opened, so as to be able to teach nor was she able to do so until October 17, a period of 5 weeks and 2 days of school time. In Auran v. Mentor School Dist. No. 1, *supra,* the teacher quit on January 18 because she was not able to carry on with her teaching duties due to her physical condition. In both cases it was held the employer was released from the contract by the inability of the employee to perform. These cases are not applicable to the situation herein presented where the teacher was unlawfully discharged. Appellee also cites our case of Kuhl v. School District, 155 Neb. 357, 51 N. W. 2d 746, but it has no application here. In that case we held two of the three teaching contracts involved to have been void at their inception and that the district (employer) was prevented from carrying out all three contracts by operation of law when the district was enjoined by the

courts from opening and holding school during the school year for which the contracts involved had been entered into.

As we said in Stoffel v. Metcalfe Constr. Co., 145 Neb. 450, 17 N. W. 2d 3: "The measure of damages in suits for breach of contracts for personal services is the amount of the salary agreed upon for the period involved, less the amount which the servant earned, or with reasonable diligence might have earned from other employment during that period."

"In an action by an employee against his employer for damages for breach of contract, arising from the wrongful discharge of the former, that the plaintiff obtained, or by the exercise of due diligence, might have obtained, other employment, is a matter of defense, which the plaintiff is not required to anticipate in his petition. * * * The burden of proof is on the defendant to establish such defense, and on failure thereof, or of showing other facts in mitigation of damages, the measure of damages is the contract price." Wirth v. Calhoun, 64 Neb. 316, 89 N. W. 785. See, also, International Text-Book Co. v. Martin, 82 Neb. 403, 117 N. W. 994; Helwig v. Aulabaugh, 83 Neb. 542, 120 N. W. 162; Kring v. School District, 105 Neb. 864, 182 N. W. 481; Annotation, 134 A. L. R. 242.

However, appellant pleaded she was unable to secure other employment in her profession as a teacher because all positions therefor had been filled, which allegation appellee denied. Appellant testified she sought employment as a teacher by making inquiry for such in the office of the county superintendent of Antelope County, that being the county in which she then lived. She was advised that none was available. The trial court, by its instructions No. 5 and No. 6, placed the burden of proof on this issue on the appellant.

"The burden of proof in its proper sense rests, throughout the case, as to each issue, on the party originally having the burden as to such issue." In re Estate of

Hagan, 143 Neb. 459, 9 N. W. 2d 794, 154 A. L. R. 573. "* * * when a party affirmatively pleads a fact which is material to the issue, he thereby assumes the burden of proving the existence of such fact." Fairchild v. Fairchild Clay Products Co., 141 Neb. 356, 3 N. W. 2d 581. See, also, Pierce v. Miller, 107 Neb. 851, 187 N. W. 105; In re Estate of Hagan, *supra;* Masonic Temple Craft v. Stamm, 152 Neb. 604, 42 N. W. 2d 178; Hammer v. Estate of Hammer, 155 Neb. 303, 51 N. W. 2d 609. "As stated in 31 C. J. S. 709, sec. 104: 'The test for determining which party has the affirmative, and therefore the burden of establishing a case, is found in the result of an inquiry as to which party would be successful if no evidence at all were given, the burden being, of course, on the adverse party.' " In re Estate of Hagan, *supra.*

The material facts on which the appellant's right to recover depend are correctly stated in 35 Am. Jur., Master and Servant, § 60, p. 494, as follows: "* * * the general rule is that in an action for alleged wrongful discharge, he is not bound to show affirmatively as a part of his case that other employment was sought and could not be found, but may rest his case upon proof of the contract of service, its breach, and damages which are determined by the contract price for services."

We do not think the burden of proof as to the defense of mitigation of damages shifted to appellant merely because of the allegations in her petition relating thereto and the evidence which she offered in support thereof for they were not material to any issue of fact upon which her right to recover depended. See, In re Estate of Jones, 83 Neb. 841, 120 N. W. 439; Kring v. School District, *supra.* Therefore the trial court erred by placing this burden on the appellant. See, Myers v. Willmeroth, 150 Neb. 416, 34 N. W. 2d 756; Umberger v. Sankey, 151 Neb. 488, 38 N. W. 2d 21.

But appellee seeks to avoid the effect of this error by applying thereto the following rule: "* * * a party may not predicate error upon or be heard to complain

about a ruling which he has procured or has been instrumental in bringing about." Pierce v. Fontenelle, 156 Neb. 235, 55 N. W. 2d 658. See, also, Dyer v. Ilg, 156 Neb. 568, 57 N. W. 2d 84; Missouri P. Ry. Co. v. Fox, 60 Neb. 531, 83 N. W. 744. It is apparent that appellee defended on the ground that its termination of the contract and discharge of appellant were justified and, because thereof, did not seek to mitigate the amount of damages which appellant sought to recover. The record does not present a situation to which the principle contended for by appellee has application for, in the absence of such defense having been properly pleaded and evidence offered in support thereof, it presented no issue for a jury.

We think the appellant's motion for judgment notwithstanding the verdict should have been sustained as there was no issue for a jury to try. We therefore reverse the judgment of the trial court overruling such motion and remand the cause to the district court to sustain such motion and render a judgment for appellant in the sum of $1,375 with interest on the respective amounts thereof, as prayed, from the time they became due and owing.

REVERSED AND REMANDED WITH DIRECTIONS.