FRANK L. LEE, APPELLEE, v. RALSTON SCHOOL DISTRICT, DOUGLAS COUNTY, NEBRASKA, APPELLANT.

145 N. W. 2d 919

Filed October 28, 1966. No. 36274.

Shrout, Hanley, Nestle & Corrigan, for appellant.

Story, Carl & Parker, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MANASIL, District Judge.

BOSLAUGH, J.

The plaintiff, Frank L. Lee, was employed by the defendant, Ralston School District, as superintendent of its schools for a term of 3 years commencing July 1, 1961. On January 21, 1963, the defendant relieved the plaintiff of his duties but continued to pay his salary until November 1963. The plaintiff then commenced this action to recover the salary and expense allowances alleged to be due the plaintiff under the contract from November 1963 through June 1964.

The defendant's answer alleged that the plaintiff had obtained other employment and denied that there was any amount due the plaintiff under the contract. By counterclaim the defendant sought to recover the payments made to the plaintiff for June through October 1963.

A jury was waived and the action tried to the court. The trial court found that the plaintiff was entitled to recover an amount equal to the salary alleged to be due under the contract, with interest, and dismissed the counterclaim. The defendant's motion for new trial was overruled and it has appealed.

The action of defendant in relieving the plaintiff of his duties under the contract was the equivalent of a dismissal or discharge. Schlueter v. School Dist. No. 42, 168 Neb. 443, 96 N. W. 2d 203. Although the defendant alleged that the plaintiff had been discharged for cause, there was a complete failure of proof in that regard. The plaintiff's rights as against the defendant are those of an employee who has been wrongfully discharged from his employment.

From the allegations of the petition, it would appear that the action was brought to recover wages due under a contract for personal services. In some states an employee who has been wrongfully discharged may sue for his wages under the doctrine of constructive service. See, 35 Am. Jur., Master and Servant, § 53, p. 484; 56 C. J. S., Master and Servant, § 50, p. 444. The doctrine of constructive service has never been adopted in this state, and the proper remedy for the wrongful discharge of an employee is an action for damages for the breach of the contract of employment.

The judgment in this case was for the entire amount remaining due the plaintiff under the contract. The question that must be determined is whether the evidence will sustain a judgment for that amount.

The measure of damages in a suit for breach of contract for personal services is the amount of the salary

agreed upon for the period involved less the amount which the servant earned or, with reasonable diligence, might have earned from other employment during that period. Schlueter v. School Dist. No. 42, *supra.*

In this case the plaintiff testified that he was placed on temporary duty as a naval officer on July 15, 1963; that his rank was that of commander; that his duty was that of recruiting officer for the Naval Reserve in the Omaha area; that he was stationed at Fort Omaha and had offices there; and that his total pay and allowances per month as a naval officer were greater than his salary per month under the contract with the defendant.

The plaintiff further testified that he did not keep regular office hours while on naval duty; that sometimes he would be in his office at 9 o'clock in the morning, at other times at 1 o'clock in the afternoon, and at other times not until 5:30 or 6 o'clock in the evening. The work consisted of preparing material to be mailed to prospective recruits, arranging for interviews, and arranging for teams to go out and talk to the parents of prospective recruits. The plaintiff also testified that most of the work was done in the evenings, some on Saturday, and occasionally on a Sunday. The work involved travel in Omaha and occasionally out of town. His first tour of duty terminated in December 1963, and was followed by a second tour of duty that ended in May 1964.

The record in this case will not sustain a finding that the plaintiff's employment as a naval officer after his discharge by the defendant was part-time work or consistent with the performance of all the duties of a superintendent of schools under the contract of employment with the defendant. The defendant is entitled to a reduction in damages by reason of the plaintiff's earnings while on duty as a naval officer during 1963 and 1964 to the extent that his duty as a naval officer was not consistent with the performance of his contract with the defendant. The evidence will not sustain a judgment

for the entire amount remaining due under the contract.

The plaintiff argues that the judgment must be affirmed because the defendant is estopped from denying that the plaintiff's contract was "purchased" by it. The argument appears to be based upon a statement made by the president of the defendant's board.

At the meeting of the board on January 21, 1963, the president requested the plaintiff's resignation. When this was refused, the president stated: " 'In that case we have no option other than to buy your contract.' "

The petition in this case sought recovery under the original contract. The plaintiff alleged that he was "ready and willing to assume and perform all acts required of him by the contract." In a letter to the defendant's board on November 15, 1963, the plaintiff's attorney stated that the plaintiff was ready and willing to assume the duties of superintendent and do everything required of him by the contract.

There is no pleading or proof of any agreement between the plaintiff and the defendant whereby the defendant "purchased" or "bought up" the contract. The resolution of the defendant's board merely stated that the plaintiff's salary would be paid on a monthly basis until the expiration date. The plaintiff's contention is without merit.

The judgment of the district court is reversed and the cause remanded for a determination of the damages due the plaintiff for the defendant's breach of the contract of employment.

REVERSED AND REMANDED.