CHARLES A. SULLIVAN, APPELLEE, v. DAVID CITY BANK, A CORPORATION. APPELLANT.

148 N. W. 2d 844

Filed February 24, 1967. No. 36440.

Ray E. Sabata and  Joseph C. Hranac, for appellant.

Russell A. Souchek, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action for damages for breach of an employment contract. The plaintiff, Charles A. Sullivan, was discharged from his employment as cashier of the defendant, David City Bank, on September 30, 1964. This action was brought to recover the damage resulting from the loss of 3 months' salary.

A jury was waived and the action was tried to the court which found generally for the plaintiff. The defendant's motion for new trial was overruled and it has appealed.

The defendant's principal contentions are that the plaintiff did not have a contract of employment for 1 year and that the defendant's discharge of the plaintiff was not wrongful.

The record shows that at a meeting of the defendant's directors held on January 23, 1964, the plaintiff was elected cashier of the defendant and his salary fixed at $7,200 "for the following year." The articles of incorporation of the bank provide that the terms of its officers "shall be for one year or until their successors are elected and qualified," which conforms with the requirements of section 8-124, R. S. Supp., 1965. This evidence is sufficient to support a finding that the plaintiff had been employed by the defendant for 1 year. See, Sotter v. Coatesville Boiler Works, 257 Pa. 411, 101 A. 744; Houghtaling v. Upper Kittanning Brick Co., 155 N. Y. S. 540, 92 Misc. 228.

The National Bank Act specifically provides that a national banking association shall have the power to dismiss its officers "at pleasure." 12 U. S. C. A., § 24, p. 19. There is no similar provision in our statutes and no corresponding power in a state bank to dismiss its officers at its pleasure.

The defendant attempted to establish cause for the dismissal of the plaintiff. The president of the bank testified to a number of incidents which are urged as a justification for the dismissal. The incidents included,

among others, leaving the bank early, failure to cooperate with other employees, inability to operate a posting machine, errors in posting ledger balances, and frequenting the American Legion Club. There was other evidence concerning misconduct at a football game. These incidents were largely minor in nature. Some of them had never been mentioned to the plaintiff and appeared to be afterthoughts on the part of the bank president. Considered as a whole, this evidence was not of such a nature as to require the trial court to find that the dismissal was for cause. At best this evidence presented a question of fact for the trial court.

The defendant claims that the action was premature. It was commenced on October 13, 1964, before the term of the employment had expired.

The plaintiff cannot recover "wages" for services constructively performed. Lee v. Ralston School Dist., 180 Neb. 784, 145 N. W. 2d 919. He can recover only damages for the breach of the contract of employment. Such an action may be brought immediately after the contract has been breached. See, Howard v. Chicago, B. & Q. R.R. Co., 146 F. 2d 316; 35 Am. Jur., Master and Servant, § 56, p. 488.

There is some disagreement among the authorities as to the extent of the recovery where the action is brought and tried before the expiration of the term of the employment. The judgment in this case was for the full 3 months' salary with interest. The trial did not commence until December 15, 1965, nearly 1 year after the expiration of the term of the employment. We believe that the better rule is that the employee may recover his full damages even where the action is tried before the expiration of the term of the employment. See Annotation, 91 A. L. R. 2d 682.

The defendant contends that the judgment is excessive because the plaintiff could have obtained other comparable employment. The measure of damages in a suit for breach of contract for personal services is the amount

of the salary agreed upon for the period involved less the amount which the servant earned or, with reasonable diligence, might have earned from other employment during that period. Lee v. Ralston School Dist., *supra*. The burden is upon the defendant to show that the plaintiff obtained other employment or, by diligence, might have obtained other employment. Schlueter v. School Dist. No. 42, 168 Neb. 443, 96 N. W. 2d 203.

The evidence is undisputed that the plaintiff did not obtain other employment, and there was a failure of proof to show that the plaintiff, by the exercise of due diligence, might have obtained other employment. In such circumstances, the measure of damages is the contract price. Schlueter v. School Dist. No. 42, *supra*.

The trial court did not err in allowing the plaintiff to recover his full damages resulting from the breach of the contract of employment.

The judgment of the district court is affirmed.

AFFIRMED.