**Neal McGUFFIN, Appellant,**

v.

**WILLOW COMMUNITY SCHOOL DISTRICT, Appellee.**

**No. 54193.**

Supreme Court of Iowa.

Dec. 15, 1970.

Mayer Kanter, Sioux City, for appellant.

J. R. Miller, Cherokee, for appellee.

LARSON, Justice.

The principal issue presented by this appeal is the propriety of the trial court's ruling upon motions for summary judgment filed by both parties to this action which was brought by plaintiff for damages due to an alleged breach of his continuing teacher's contract by defendant during the month of April 1969. The trial court sustained defendant's motion and plaintiff appeals. We affirm.

Generally speaking, the evidence submitted to the court was not in dispute. It ap-

pears that on or about March 25, 1968, the defendant school district employed the plaintiff Neal McGuffin as a teacher for the school year 1968–69. In accordance with the provisions of section 279.13, Code 1966, such contracts automatically continue from term to term unless modified or terminated by mutual agreement or terminated by the school district on or before April 15th of the school year or under the provisions of section 279.24 at any other time for cause after due notice and hearing. Plaintiff's contract was modified for the school year 1969–70 on the 10th day of March 1969 to provide an increase in salary. Apparently plaintiff's efforts to be helpful to the superintendent in performing his administrative duties by writing notes to him were not appreciated and on April 21, 1969, he wrote plaintiff as follows:

"You have been writing me notes telling me what you do not like, so I think it is time that I return the favor and write you one.

"I have defended you before the parents, teachers, and board members maybe against my better judgment, when you have gone against the rules of the administration and the school rules.

"I definitely feel that your attitude toward the rules as a knife in the back.

"I am calling it insubordination and feel it is grounds for dismissal under number 279.24 of the Iowa Code."

Plaintiff assumed this was a letter of dismissal and replied on the same date by writing, "I accept your challenge."

On April 24, 1969, at a special meeting of the district school board the attitude and actions of Neal McGuffin in relationship with the school administration and pupils were discussed. Instances were referred to by others present at the meeting. Thereafter the record reveals, "A motion was made by Escue (a board member), seconded by Mortenson (another board member), that a recommendation be made to Neal McGuffin in that the balance of

the 1968–69 contract salary be paid for the resignation of the 1969–70 contract and that his tenure as Art Teacher be ended as of Friday morning, April 25, 1969." The motion carried unanimously. Another motion by member Pyle, seconded by member Slota, stated "that if this recommendation is not accepted then Mr. McGuffin shall be notified by Registered mail of an open meeting or hearing where he shall be able to be present and present his case against accusations." This motion also carried unanimously. Copies of these motions were delivered to Mr. McGuffin.

The record discloses a conference between plaintiff and President Samuelson, of defendant school board, on April 25, 1969, wherein Samuelson orally requested plaintiff to resign the next year's contract in exchange for a lump sum payment of the balance of the present contract and no duties to perform during the remaining days of that school year. Appellant refused, and reported for duty as a teacher on the next school day. In his answer to interrogatories filed herein he states, "When I returned to school I went to the school's office and spoke to Superintendent Kerr. I simply said I was available for teaching school today. He said something to the effect that being available and having a job aren't the same thing." In his affidavit filed in connection with his motion for summary judgment he also stated, "I further learned that my art classes were cancelled that day" and "I was prevented from teaching school after April 25, 1969 * * *." However, no claim is made that such action was at board direction.

On June 17, 1969, plaintiff filed this lawsuit alleging breach of contract by dismissal without notice and hearing as by law provided.

On July 9, 1969, a notice of termination of teacher's continuing contract was received by plaintiff setting a hearing thereon on August 1, 1969. Plaintiff did not appear and, by board action, he was dismissed for cause.

I. This action involves an alleged anticipatory breach, that is, a situation "where there is a repudiation of the obligation of a contract by a party to it before the time has come for performance on his part." 11 Williston on Contracts, Third Ed., (By Jaeger), section 1300. Of course, "A breach of contract is a failure, without legal excuse, to perform any promise which forms the whole or part of a contract." Williston on Contracts, supra, section 1290. Also see 17 Am.Jur.2d, Contracts, section 441.

Appellant contends he was discharged on or about April 25th by action of the superintendent, that he properly assumed he was dismissed from the statements made to him at that time and the information he received to the effect that his "art classes were cancelled that day." He argues this established his claimed breach of contract and gave rise to his cause of action herein.

Appellee contends appellant was not discharged until after the notice and hearing on August 1, 1969, that although board action to terminate was contemplated by the board, no action was taken until that time, that appellant was duly informed of the situation and received his regular salary checks for the balance of that school year, that at no time prior to August 1, 1969, was he officially relieved of his contractual duties by the board, and that at the time this action at law was commenced he had never been discharged.

The court apparently concluded there were no facts alleged which would sustain a finding of dismissal or a termination of plaintiff's continuing contract prior to August 1st and that his failure to pursue his administrative remedy by appealing his dismissal on August 1, 1969, was fatal to this action in the courts. We agree.

II. Section 279.13 of the Code provides for termination of teachers contracts for reasons other than cause and in part states: " * * * The foregoing provisions for termination shall not affect the power of the board of directors to dis-

charge a teacher for cause under the provisions of section 279.24."

Section 279.24 of the Code provides: "The board may, by a majority vote, discharge any teacher for incompetency, inattention to duty, partiality, or any good cause, after a full and fair investigation made at a meeting of the board held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor."

■ In Iowa a teacher's contract of employment is governed by statute and we find no other method of discharge or dismissal provided in chapter 279 of the Code. Thus, it must be assumed a dismissal by any other than school board action is ineffective. See Report of the Attorney General (May 4, 1950), p. 170.

III. Although we look with favor upon the application of the summary judgment provisions of our rules and do not wish to discourage the use of Rule 237 in such matters, we have consistently held this rule is not meant to foreclose a trial on the merits if there is a *material* question of fact reasonably generated by the pleadings and have stated, when it appears by motions, answers to interrogatories, or affidavits, that material fact issues are generated, the court should not grant a summary judgment. Estate of Linderholm v. State Auto & Casualty Underwriters, Iowa, 169 N.W.2d 561, 564; Northwestern Nat. Bank v. Steinbeck, Iowa, 179 N.W.2d 471, 476–477, and citations.

Appellee concedes, as it must, that if the appellant was discharged from an existent legal contract by school district action without first complying with the provisions of section 279.24 of the Code, no appeal to the county superintendent is required and the teacher may bring an action at law for damages. Its position in this regard is that the board did not dismiss plaintiff but continued to employ him until the end of

that school year, and that it complied with that law by serving notice of its August 1st hearing on appellant on July 9, 1969, which related to the 1969–70 school year and preceded the formal dismissal.

■ Whether the superintendent himself intended to prevent appellant from teaching his classes in anticipation of board action is not the issue before the court. Nowhere does appellant allege he did this at board direction. However, in this connection, as appellee points out, the appellant had been furnished a copy of the board's actions on April 25th and was aware that before his duties were to be officially terminated he would be given notice and hearing as provided in section 279.24. He knew or should have known that until that time, or until his salary was not paid, he was not relieved of his contractual obligations. Although we are not saying such a contract could not be breached in any other manner than by board action, we are satisfied this record does not reveal any breach of appellant's contract upon which an action could be maintained.

■ IV. Appellant's contract, Exhibit "A", provided his duties as "Elementary and Secondary Art, Boys Wrestling Coach, and extra curricular duties as assigned by administration." Under the contract his duties were subject to administrative direction. Thus, even if the administration had relieved him of his classes in Art, appellant was still subject to assignments elsewhere and this would not amount to a breach of contract. Griffith v. Red Oak Community School District, Iowa, 167 N.W.2d 166, 172. It must, therefore, be concluded that his action here was premature and, by bringing it, he could not avoid the effect of a later dismissal under the provisions of section 279.24. In this regard, as appellee contends, a motion to dismiss the action would have been properly sustained. Courtright v. Consolidated Ind. Sch. Dist., 203 Iowa 26, 212 N.W. 368.

V. Appellant cites three cases to sustain his proposition that his dismissal without a notice and hearing constitutes a breach of contract. Van Peursem v. Consolidated Ind. School Dist., 240 Iowa 1100, 38 N.W. 2d 615; Lee v. Ralston School Dist., 180 Neb. 784, 145 N.W.2d 919; Schlueter v. School District No. 42, 168 Neb. 443, 96 N.W.2d 203. However, in each of these cases the action complained of was that of the district board without first giving the teacher notice and hearing of its action in relieving the teacher of his duties under the contract. Thus, they are not helpful here. In the Van Peursem case this court made it clear that only when the superintendent was directed to advise the teacher his employment was terminated at the close of the school year would the district be liable for a breach of contract, saying at page 1105 of 240 Iowa, at page 617 of 38 N.W. 2d: "* * * if the appellant was discharged from an existing legal contract *by the school district* without first complying with the provisions of the statute * * * no appeal to the County Superintendent is required and the teacher may bring an action at law for damages." (Emphasis supplied.) There, as here, at a prior meeting of the board, termination of the teacher's contract was considered and an offer to resign was made to the teacher, which would avoid a blot on his record. The teacher refused and at a later meeting of the board, at which the teacher was given the opportunity to appear, formal action of dismissal was taken. In this situation we held the only recourse was by appeal to the county superintendent and held, when it appeared no such appeal was taken, plaintiff's petition for review in the courts was correctly dismissed.

VI. Having found no allegation of facts which would establish an anticipatory breach of appellant's contract, and it being conceded that no appeal was taken from the board's action of August 1st to the county superintendent, the trial court correctly granted defendant's motion for summary judgment and denied that of plaintiff.

Affirmed.

All Justices concur except BECKER, J., who dissents, and RAWLINGS, J., who takes no part.