212 N.W.2d 629 (1973)
190 Neb. 800
Alfred H. RASE, Appellee,
v.
SOUTHEAST NEBRASKA CONSOLIDATED SCHOOL DISTRICT, Appellant.
No. 39019.
Supreme Court of Nebraska.
November 30, 1973.
*630 Wiltse & Halbert, Richard L. Halbert, Falls City, for appellant.
Simon Lantzy, Falls City, for appellee.
Heard before WHITE, C. J., BOSLAUGH, McCOWN and NEWTON, JJ., and RONIN, District Judge.
NEWTON, Justice.
Plaintiff sued to recover damages from the defendant school district for violation of a school bus driver's contract. On trial to the court, judgment was entered for the plaintiff for the contract specified amount of remuneration. We affirm that judgment.
For answer to the plaintiff's petition defendant pleaded a general denial and specifically denied that plaintiff was qualified to operate a school bus.
The facts are not in dispute. Plaintiff had been employed by defendant as a bus driver during the 1969-1970 school year. In April 1970, he received a contract for the 1970-1971 school year although he had not then received or displayed to defendant a bus driver's permit for that year and the expiration date of the one for the 1969-1970 year was June 15, 1970. It is conceded that in practice defendant never required, on issuance of school bus drivers' contracts in the spring, that permits for the ensuing year be displayed since such permits were not issued until the month of June.
In May 1970, plaintiff was denied the right to take a school bus driver's test because under a new regulation of the State Department of Education he was then over the age limit. In July 1970, this regulation was set aside and the plaintiff thereafter acquired a permit. In the meantime defendant employed another driver and subsequently refused to employ plaintiff.
Defendant now contends that the contract executed in April 1970, was void for failure to comply with that portion of section 79-488.06, R.R.S.1943, relating to *631 school bus drivers' permits which provided: "No contract shall be entered into until such permit shall have been received and exhibited to the school board or board of education." This provision in the statute must be construed with reference to other pertinent provisions therein contained. It further provided: "Any person operating a school bus, before the opening of a school term or before operating a school bus, shall each year submit himself to (1) an examination, to be conducted by a driver's license examiner of the Department of Motor Vehicles, to determine his qualifications to operate such bus, and (2) an examination by a licensed physician to determine whether or not he meets the physical and mental standards established pursuant to subdivision (12) of section 79-328, and shall furnish to the school board or board of education and the Director of Motor Vehicles a written report of each such examination on standard forms prescribed by the State Department of Education, signed by the person conducting the same, showing he is qualified to operate a school bus and that he meets the physical and mental standards. If the Director of Motor Vehicles determines that he is so qualified and meets such standards, a special school bus operator's permit in such form as the director shall prescribe, shall be issued to him." (Emphasis supplied.) The statute obviously contemplates that bus drivers must comply with these requirements before opening of the school term or before operating a bus and are subject to the penalties provided in the statute in the event of a violation. The provision that a contract shall not be entered into until the permit is received and displayed appears to be aimed at the school board as a further guarantee of compliance on the part of bus drivers. The evidence shows that permits could not be obtained until the month of June and it was the practice to require that the permits be exhibited before the permittees started driving. Both parties treated the contract as valid but conditioned upon the plaintiff's obtaining and displaying the required permit.
Section 79-328(12), R.R.S.1943, provides for the adoption of reasonable standards relating to school buses and operators of the buses. It provides: "Similar standards are to be adopted for operators of such vehicles as to physical and mental qualities, driving skills and practices, and knowledge of traffic laws and regulations which relate to school bus transportation. Such rules and regulations shall by reference be made a part of any such contract with a school district. * * * Any person operating a school bus under contract with a school district who fails to comply with any of such regulations shall be guilty of breach of contract and such contract shall be canceled after notice and hearing by the responsible officers of such school district." This section sanctions the issuance of school bus drivers' contracts subject to regulations adopted by the State Board of Education which become a part of the contract. On violation of the regulations, the contract may be canceled after notice and hearing. The pertinent provisions contained in section 79-488.06, R.R.S.1943, have been adopted by the State Board of Education as regulations pursuant to section 79-328(12), R.R.S.1943, yet plaintiff did not receive notice of, nor have a hearing on, the subject of cancellation.
It is apparent that the legislative purpose in adopting section 79-488.06, R.R.S.1943, was to safeguard school children when passengers on school buses and to this end sought to require competent drivers. This purpose was subserved by the practice adopted by defendant in requiring compliance with the statute by drivers before the school term commenced and before operating the school buses. To delay the execution of school bus drivers' contracts until after the annual issuance of bus drivers' permits and shortly before the school term commences does not further the fundamental legislative intent and, from a practical standpoint, presents difficulties. The school cannot be assured it has employed required drivers and drivers may not apply for and obtain the necessary permits without assurance of employment. *632 Furthermore, section 79-328(12), R.R.S. 1943, obviously contemplates that such contracts will be entered into prior to full compliance by the bus drivers. It provides for cancellation of the contracts if they fail to comply before actually operating a school bus. It sanctions the procedure here followed.
We do not believe that a narrow interpretation of the statute in regard to contracting is proper. "In the interpretation or construction of statutes, ascertainment of the intention of the Legislature is the end or purpose to be accomplished. * * *
"In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purposes rather than one which will defeat it." Johnson v. School Dist. of Wakefield, 181 Neb. 372, 148 N.W.2d 592.
"* * * The intention of the Legislature, when ascertained, will prevail over the literal sense of the words used and this is especially true when the strict letter of the law would lead to injustice or absurdity. * * *" Metropolitan Utilities Dist. v. City of Omaha, 171 Neb. 609, 107 N.W.2d 397. A literal interpretation of the statute would work an injustice on plaintiff and make it difficult for schools to contract with bus drivers. We find that plaintiff had a valid contract subject to cancellation on failure to comply with the statutory requirements regarding a driver's permit.
Defendant now argues that the contract was rescinded. This defense was not pleaded. Rescission of a contract is an affirmative defense which must be pleaded and cannot be asserted under a general denial. See, Home Fire Ins. Co. of Omaha v. Berg & Story, 46 Neb. 600, 65 N.W. 780; Denney v. Stout, 59 Neb. 731, 82 N. W. 18; Heller v. Speier, 119 Neb. 787, 230 N.W. 835; 17A C.J.S. Contracts § 551, p. 1073.
Defendant also asserts that plaintiff failed to mitigate his damages. "The burden is upon the employer to prove that the employee obtained other employment or, with reasonable diligence, might have obtained other employment." Sullivan v. David City Bank, 181 Neb. 395, 148 N.W. 2d 844. The defendant has failed to sustain this burden of proof.
The judgment of the District Court is affirmed.
Affirmed.